## Cole et al. v. Commonwealth.

(Decided March 25, 1932.)

K. D. KEESEE for appellants.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER— Affirming.

Tivis Cole and Willie Cole were indicted in the Pike circuit court for grand larceny. On the trial of the case they were found guilty and their punishment fixed at two years' imprisonment. They appeal.

The first ground relied on for reversal is that the court improperly overruled the defendants' motion for a continuance. The indictment was returned on March 3, 1931. At the June term of the court the case was continued. It came on for trial on October 15, 1931. The defendants then filed an affidavit for a continuance, stating that on October 5, 1931, "they had issued from the office of the clerk of the Pike circuit court summons for the following witnesses." The affidavit did not show that the subpoena was placed in the hands of the sheriff. The rule is well settled as follows:

"To authorize a continuance it must appear in the first place that the defendant used reasonable diligence to procure the attendance of the witnesses. To that end the defendant must show, not only that the subpoenas were issued, but that the subpoenas were served on the witnesses, or were placed in the hands of the officer in time to be served by the exercise of reasonable diligence. Meredith v. Com., 148 Ky. 106, 146 S. W. 407. Brown v. Com., 195 Ky. 174, 241 S. W. 846, 849.

In addition to this the defendant did not offer to read the affidavit as the testimony of the absent witnesses on the trial. The rule is well settled as follows:

"The order of continuance must affirmatively show that the trial court overruled the motion for a continuance after the attorney for the commonwealth refused to consent that the affidavit might be

read as the deposition of the absent witness, or must show that appellant offered to read the affidavit as such, and that the trial court refused to permit him to do so.'' Adams v. Com., 212 Ky. 340, 279 S. W. 332, 334. To the same effect see McKinzie v. Com., 193 Ky. 781, 237 S. W. 386.

Very clearly, therefore, the action of the court refusing a continuance is not ground for reversal.

It is earnestly insisted that the evidence is insufficient to sustain a conviction for grand larceny. The thing charged to have been stolen was copper wire taken from the mine of the Utilities Elkhorn Coal Company. Briefly stated, the testimony for the commonwealth was as follows: The watchman at the mine stated that he saw the defendants come out of the drift mouth of the mine with wire on their back. He saw them come up the hill and go in the drift mouth, and they came out about midnight. There were four men in the party and there were four bundles of wire, weighing about 360 pounds. Two of the men got away, and he arrested the defendants. He was lying in a machine waiting for them to come out. He could hear them back in the mine working on the wire, taking it down and cutting it up. He threw his gun on the defendants, and that is the reason they did not run. The watchman took them to the deputy sheriff and they told him that a man hired them to go there and was giving them $5 a night to carry the wire out of there. Ben Fleming was present and he says that they said a man hired them to go over there and they did not know what he wanted until they got there and then they just went in and helped to get the wire. These witnesses say that there were four bundles, amounting to about 360 pounds and it was worth 7 cents a pound.

On the other hand, the defendants deny making the statements above referred to to the deputy sheriff, and testify that they were out fox hunting and went up to the mouth of the mine to get some water and as they were standing there they were arrested. The case turned simply on the credibility of the witnesses, and this was a question for the jury. The court instructed the jury to find the defendants guilty of grand larceny if the wire was of value $20 or more, or guilty of petit larceny if it was of less value than $20. No evidence was introduced as to the value of the wire except that introduced by the commonwealth, and the verdict of the jury is not against

the evidence. On the whole case the court finds no error in the record prejudicial to the defendants' substantial rights.

Judgment affirmed.