## Sherrill v. Commonwealth.

April 21, 1942.

Roy G. Garrison for appellant.

Hubert Meredith, Attorney General, and Guy H. Herdman, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

Under an indictment of the grand jury of McCracken county charging the appellant with the crime of murder, he was convicted of manslaughter and sentenced to two years in the penitentiary. He has appealed, insisting on a reversal of the judgment on the grounds that (a) the court erred in refusing to sustain his motion for a continuance; (b) inasmuch as the court overruled his motion for a continuance the court erred in refusing to sustain appellant's motion to require the Commonwealth's attorney to admit the truth of the matter and facts alleged in the affidavit filed in support of his motion for a continuance; and (c) the verdict of the jury is

against the greater weight of the evidence and is not supported by the evidence.

Appellant shot and killed Will Cavitt on September 14, 1941, and the indictment was returned on September 26 and the trial had on October 3. When the case was called for trial appellant, by counsel, entered his motion for a continuance because of the absence of certain witnesses, and in support of his motion he filed his affidavit setting out the facts which he expected to prove by such witnesses if they were present and should testify. The substance of the affidavit is, in effect, that the witnesses would testify that a few days previous to the killing the deceased had threatened the life of appellant and also at the time of the killing deceased was the aggressor and assaulted appellant with a club and asserted that he was going to kill him and also placed his hand on his bosom, indicating an attempt to draw a weapon.

Counsel for appellant was employed when the indictment was returned but had no subpoenas issued for the absent witnesses and assigned as his reason therefor that his client, the appellant, informed him that the witnesses were absent from the county and it would be useless to have subpoenas issued for the witnesses. We think it was the duty of appellant to have had subpoenas issued for his witnesses rather than rely upon information that the witnesses were not in the county. Appellant was in jail and perhaps had no reason or opportunity to know whether or not the witnesses were out of the county or might not return to the county in time for the trial. In Brown v. Commonwealth, 195 Ky. 166, 241 S. W. 846, 849, it is said:

"To authorize a continuance it must appear in the first place that the defendant used reasonable diligence to procure the attendance of the witnesses. To that end the defendant must show, not only that the subpoenas were issued, but that the subpoenas were served on the witnesses, or were placed in the hands of the officer in time to be served by the exercise of reasonable diligence."

The same authority was cited with approval in the case of Cole et al. v. Commonwealth, 243 Ky. 265, 47 S. W. (2d) 1065. The facts presented by the record convince us that appellant did not use reasonable diligence to procure the attendance of the absent witnesses and

for that reason the court did not err in refusing a continuance. Furthermore, the appellant and a number of witnesses introduced in his behalf testified to substantially the same state of facts set out in the affidavit, and hence the evidence of the absent witnesses would have been only cumulative to the evidence of other witnesses, and for this additional reason no error was committed in refusing the continuance. Hall v. Commonwealth, 265 Ky. 516, 97 S. W. (2d) 29.

It is next insisted that under the latter part of Section 189 of the Criminal Code of Practice the court should have required the Commonwealth's attorney to admit the truth of the matters set out in the affidavit. That part of the Code reads:

"Provided, however, the court may, when, from the nature of the case, it shall be of opinion that the ends of justice require it, grant a continuance, unless the attorney for the Commonwealth will admit the truth of the matter which it is alleged in the affidavit such absent witness or witnesses would testify to."

Since there is no circumstantial evidence involved and a large number of eye witnesses testified for the respective parties and the facts fully presented to the jury, we do not think the court abused a sound discretion in refusing a continuance under the provision of the Code, supra. It is the well established rule that the granting of a continuance is within the sound discretion of the trial court and this court will not reverse a judgment because of the refusal of the trial court to grant a continuance unless it is clearly made to appear that the trial court abused such discretion. Section 189, Criminal Code of Practice, and notes thereto. We find no merit in this contention.

Lastly, it is weakly contended that the evidence is not sufficient to support the verdict because it is "against the greater weight of the evidence." We know of no authority authorizing a court to interfere with a jury's verdict because it is or might be against the "greater weight" of the evidence. The question is whether or not there is any evidence of a substantial and probative nature to support the verdict. According to the evidence of a large number of witnesses for the Commonwealth appellant was the aggressor and assaulted and shot the

deceased without any reason or even without provocation. On the other hand, according to appellant's testimony and that of some of his witnesses, the deceased was the aggressor and assaulted appellant with a club immediately before and at the time of the killing, thus presenting a sharp conflict in the evidence. The jury was the judge of the credibility of the witnesses and the weight to be given their testimony and had the right to believe either class of witness it saw proper. There is an abundance of evidence to support the verdict.

Finding no error prejudicial to the substantial rights of appellant, the judgment is affirmed.