# Kelley v. Commonwealth.

March 23, 1945.

E. Selby Wiggins, George T. Ross, and O. P. Jackson for appellant.

Eldon S. Dummit, Attorney General, and H. K. Spear, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY PERRY, COMMISSIONER — Affirming.

Appellant was, upon his trial under an indictment charging him with the crime of maliciously shooting at another with intent to kill but without wounding, a crime denounced by section 435.170 KRS, convicted and his punishment fixed at fifteen years' imprisonment. He thereupon filed motion for a new trial, which the court overruled, assigning in support thereof the following grounds:

"(1) Because the verdict was returned through passion and prejudice on the part of the jury hearing the case; (2) that the public mind was at this time inflamed by reason of the alleged fact that this defendant was a deserter from the U. S. army; (3) that just about this time large newspaper articles had been published stating that his father had been indicted by the federal grand jury for harboring him, an alleged deserter; (4) that he was found hiding under the floor of his father's home

by the F. B. I.; (5) that the jury gave him a penalty of fifteen years in the penitentiary for shooting at Casey Jones, when Casey Jones was not hit or struck by said ball; (6) that at this term of court another defendant was given a sentence of only three years for actually killing a man; (7) that this defendant did not get a fair and impartial trial on account of inflamed public opinion; (8) that he was actually tried by the jury, in his (counsel's) opinion, for these other alleged offenses; (9) that the verdict is contrary to the law and the evidence; and (10) that the court erred in its instructions given the jury."

The commonwealth to sustain its prosecution introduced several witnesses, whose testimony tended to establish the following facts: That on the afternoon of April—, 1944, while the prosecuting witness, C. B. Jones, was driving in his automobile towards Richmond on the Tate Creek pike in Madison county, he saw and overtook the appellant, Franklin B. Kelley, who was dressed in a soldier's uniform and carrying a shotgun. Further Jones testified that previous to this occasion he had had no trouble with the defendant nor with his grandmother but notwithstanding such had been their relations prior to this occasion, the defendant, when his (Jones') car drew up even with him, pointed his shotgun and discharged it towards him but that the shot did not hit him as he, upon seeing the defendant pointing his gun at him, leaned over sideways and got down into the car. Also he testified that after passing the defendant, the latter had fired his gun into the back of his automobile but he again escaped being hit by this second shot.

Sam Tateham and Ben Ashcraft, whom Jones had just previously seen when passing a blacksmith shop beside the road, testified they had heard these two shots.

Charles Prather and Sherman Ledford, state highway patrolmen, and Harold Moberly, the sheriff of Madison county, who were introduced as witnesses for the commonwealth, testified that some months after the defendant had committed the charged offense of maliciously shooting at the prosecuting witness, C. B. Jones, they had, at about four o'clock on the morning of October 3, 1944, gone to the home of appellant's father, Gobel Kelley, looking for the appellant and had there found him secreted or hiding "in a small hole dug under a

wardrobe in the house, where there was a trap door going from the wardrobe into the hole under the house" and that as appellant came out of the hole, upon being discovered there, the sheriff, Moberly, arrested him on the warrant he had charging him with maliciously shooting at with intent to kill but without wounding C. B. Jones and that, as he also then had another warrant for appellant charging him with desertion from the U. S. army, he arrested him on that warrant too. Further they testified that after arresting defendant on each of said warrants they took him in their car to Richmond to lodge him in jail and as they passed the home of C. B. Jones, the prosecuting witness, the defendant, speaking in reference to the said Jones, said to them, "Yes, I shot at him. They won't keep me all my life, will they, Charlie? I will kill the big, pot gutted s. o. b. when I get out."

Counsel for appellant objected to that part of Sheriff Moberly's testimony given upon the trial, wherein, after stating that upon the occasion of his arresting defendant he had a warrant for and had arrested defendant on the malicious shooting charge, and further stated that he at the time had another warrant charging defendant with the offense of desertion from the U. S. army and that he had also arrested him on that warrant. The defendant's objection to that part of the sheriff's testimony relative to arresting him on the desertion charge as incompetent and prejudicial was overruled, to which ruling defendant excepted.

This was all the testimony offered by the commonwealth or heard by the jury at the trial of the defendant, as the latter neither himself testified nor introduced any witness in his behalf.

The court thereupon instructed the jury as follows:

"(1) If the jury believe from the evidence beyond a reasonable doubt and in Madison county and before the finding of the indictment herein that the defendant did unlawfully, willfully, feloniously and maliciously shoot at C. B. Jones without wounding and with intent to kill said Jones, then the jury will find the defendant guilty, guilty of malicious shooting.

"If the jury believe from the evidence beyond a reasonable doubt that said shooting was done with malice

aforethought and with intent to kill said Jones or guilty of shooting at in sudden heat and passion, if same was done in sudden affray and sudden heat of passion without previous malice.

"(2) The word 'willfully' means intentionally and not accidentally and the phrase 'malice aforethought' implies a predetermination to do a wrongful act without lawful excuse and it is immaterial how suddenly or how recently such determination was formed in the mind.

"(3) If the jury find the defendant guilty of malicious shooting they will fix his punishment at confinement in the penitentiary for a period of not less than two years nor more than 21 years in the discretion of the jury.

"(4) If the jury find him guilty of shooting in sudden heat and passion they will fix his punishment at a fine of not less than $50.00 nor more than $500.00 or confinement in jail for a period of time of not less than six months nor more than twelve months or both such fine and imprisonment in the discretion of the jury, and they may or may not provide in the verdict that the defendant may be put to hard labor until the fine and costs, if any, imposed are satisfied, and imprisonment in jail, if any imposed, are satisfied; unless the defendant has been proven guilty beyond a reasonable doubt, the jury will find him not guilty, and if they find that he has been proven guilty beyond a reasonable doubt but entertain a reasonable doubt as to whether he has been proven guilty of malicious shooting or guilty of shooting in sudden heat and passion, the jury will find him guilty of shooting in sudden heat and passion, which as between the two is the lower degree of the offense."

To all the instructions given, defendant, by counsel, excepted and moved that the court instruct the jury that defendant's failure to testify in his own behalf did not create any presumption against him, as directed by section 1645, KS (section 455.090, KRS), which provides that the "defendant's failure to testify in his own behalf shall not be commented upon or create any presumption against him."

The court declined to give the instruction moved for, with no comment whatever as enjoined by the statute,

upon defendant's failure to exercise the right given him to testify in his own behalf.

We have carefully considered the several grounds assigned as errors committed by the court upon the trial, by reason of which appellant claims he has been prevented from receiving a fair and impartial trial.

The first of these grounds is that the verdict was returned through passion and prejudice on the part of the jury. We do not consider this ground meritorious in that the evidence given, showing the mode and manner in which this shooting occurred, well justified the jury's finding that the defendant, did, as charged, maliciously shoot at the defendant with intent to kill him. Likewise we find the other grounds assigned in the motion are also without merit.

However, we are of the opinion, as urged by appellant in one of his grounds, that the court did err in overruling defendant's objection to that part of the testimony given by the commonwealth's witness, Sheriff Moberly, that he, at the time of arresting appellant on the warrant he had against him, charging him with the malicious shooting of the prosecuting witness, did also arrest him on another warrant he at the time had for the defendant charging him with desertion from the U. S. army. The court's admission, over the defendant's strenuous objection, of that part of the evidence relating to the sheriff's arresting defendant on the warrant he had against him for desertion from the U. S. army was improper, in that it related to an entirely distinct and separate offense from that charged against defendant, of maliciously shooting at C. B. Jones with intent to kill, upon which charge only he was indicted and was then being tried. Clearly such evidence was incompetent and highly prejudicial to the defendant and the court clearly erred in overruling the defendant's objection made against its admission. However, appellant does not bring before us for consideration that palpable error, as he does not include or mention the complained of admission of this incompetent and irrelevant testimony as a ground assigned in support of his motion for a new trial. While we are of the opinion that the court erred in overruling defendant's objection to that incompetent and irrelevant evidence, the error is not pointed out as one of the grounds assigned for a new trial and

therefore it can not be here considered on appeal, in that it is the well settled rule that every error committed upon the trial upon which a new trial is sought must be pointed out and brought before us in defendant's motion and grounds for a new trial. Thompson v. Commonwealth, 123 Ky. 302, 94 S. W. 654, 124 Am. St. Rep. 362. See also Young v. North East Coal Co., 194 Ky. 520, 240 S. W. 56, wherein we said: "This precise question has been so decided by this court in many cases, the more recent of which are Pleasure Ridge Distillery v. Commonwealth, 193 Ky. 430, 236 S. W. 947, and Whitmer v. Cardwell, 194 Ky. 351, 238 S. W. 1048, that [194 Ky. 520, 240 S. W. 57]: .

In the last-named case, we reviewed and in effect overruled several cases upon which appellant now relies, in so far as expressions are found therein indicating that a directed verdict, *or any other alleged error occurring upon a jury trial, can be brought into review in this court that was not called to the attention of the trial court by a motion for a new trial."* (Italics ours).

From this it follows that the court's error in admitting the incompetent evidence is not properly brought before us and therefore can not be here considered.

The several instructions given by the court and excepted to by the appellant are such that, when considered and read together, very clearly and properly tell the jury that they can not find the defendant guilty of the felony charge unless they believe the shooting by the appellant at the prosecuting witness was done maliciously and with intent to kill. Also, the instructions, when taken as a whole, emphasize and make malice the distinguishing element between the offense defined by section 435.170 KRS, under which appellant was indicted, and the misdemeanor offense defined by section 435.180 KRS (section 1242, KS). As to this, in the case of Austin v. Commonwealth, 201 Ky. 615, 258 S. W. 86, 87, it is said:

"We have frequently held that the offense of cutting in sudden heat and affray, denounced by section 1242, is a degree of the crime of malicious cutting, denounced by section 1166, and that it is proper, under an indictment charging the graver offense, to instruct upon both *if the evidence warrants it."* (Italics ours).

The court's here giving an instruction on the misdemeanor offense defined by section 435.180 KRS, of shooting in sudden heat and affray, was not prejudicial but rather more favorable to the defendant than he was entitled to, in that it is not disclosed by the record there was any evidence tending to show that defendant shot at the prosecuting witness in sudden heat and affray, justifying the giving of an instruction upon that misdemeanor offense.

As to the appellant's complaint that the court erred in failing to give the instruction requested (that the defendant's failure to testify in his own behalf did not create any presumption against him), we are of the opinion that while it would have been better for the court to have given such instruction when moved for, its declining to give it we do not regard as being of prejudicial effect, where it was nowhere commented on by the court.

While appellant excepted to all the instructions given by the court, he in his brief especially criticises its instruction No. 1, herein above set out, on the ground that the instruction leaves out what the defendant contends is an important item of the crime, to-wit, ''a gun loaded with a leaden bullet or other hard substance; that the indictment properly makes this allegation, but the instructions given by the court do not contain this important part of the law'' and further contends that ''said instructions as given were prejudicial, did not give the whole law of the case and justify a reversal of the judgment.''

We are unable to agree with this contention or to conceive how this omission from instruction No. 1, could have misled the jury, composed of men of good understanding and judgment, where, as here, all the instructions given, when read together, tell the jury they can not find defendant guilty of the felony charge unless they believe the shooting was done maliciously and clearly the jury could not conclude the shooting was done maliciously and with intent to kill where the gun was not loaded ''with a leaden bullet or other hard substance,'' as shooting at another with an unloaded gun is not recognized to be the mode and manner of using a gun for maliciously shooting at another with intent to kill him. It is therefore our conclusion that the omis-

sion of the words stated from the instruction could not have misled the jury, as it could not infer from the instructions as given that the defendant maliciously shot at the prosecuting witness with intent to kill with an unloaded gun.

In Stanley's Instructions to Juries, section 762, page 1030, it is said:

"Under recent application of the Criminal Code, sections 340, 353, when the instructions as a whole are couched in language that presents to the jury the correct issues in such form that an ordinarily intelligent person may comprehend them and the questions they submit, the instructions will be held sufficient."

See in accord therewith Conn v. Commonwealth, 245 Ky. 583, 53 S. W. 2d 931.

Advised by the rule thus stated, we are of the opinion that the omission complained of in instruction No. 1 did not render it prejudicially erroneous.

Having reached the conclusion that no reversible error having been brought before us in the record, we are constrained to affirm the judgment.