**John Edgar BAKER, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 5, 1957.

**774**

John J. Tribell, William S. Tribell, Pineville, for appellant.

Jo M. Ferguson, Atty. Gen., H. D. Reed, Jr., Asst. Atty. Gen., for appellee.

MONTGOMERY, Judge.

John Edgar Baker, by indictment, was charged with commission of the offense of assault with intent to rob. Upon conviction, his punishment was fixed at twenty-one years' confinement in the penitentiary. He urges as grounds for reversal of his conviction that: (1) The trial court erred in refusing to grant a continuance; (2) competent testimony was excluded; (3) the jury was improperly instructed; and (4) the evidence was insufficient to sustain the conviction.

The offense was alleged to have been committed about midnight of April 13, 1956. Appellant, a juvenile, upon hearing that a warrant had been issued, surrendered to the sheriff the next morning. On January 14, 1957, appellant, with his parents and counsel, appeared at the proceeding held by the Bell County Court, Juvenile Branch, by which the matter was transferred to the Bell Circuit Court. He was indicted on January 16, 1957, and arraigned the next day. At that time, his counsel was present and the case was set for trial on January 22, 1957. In the afternoon of the day preceding the trial date, appellant obtained a subpoena for the attendance at the trial of one Terry Siegler. Siegler was

then confined in the LaGrange reformatory following his conviction of an offense arising out of the same incident in which appellant was involved.

Appellant insists that Siegler was an eyewitness and that his testimony was necessary and material to his proper defense. It is urged that the trial court should have granted his motion for a continuance made on the morning of the trial in order that Siegler's attendance might be obtained. No effort was made to introduce in evidence the testimony of the absent witness by use of affidavit.

Appellant and his counsel undoubtedly knew, or should have known, at the time of the arraignment, or earlier, the desirability and availability of Siegler as a witness. The issuance of the necessary process required little time and effort. The trial of other cases and the intervention of a weekend do not excuse the lack of diligence. The trial court did not abuse its discretion in denying the continuance. Criminal Code of Practice, Sections 180 and 189. Cole v. Commonwealth, 243 Ky. 265, 47 S.W.2d 1065; Smith v. Commonwealth, 278 Ky. 384, 128 S.W.2d 590.

Certain testimony was sought to be introduced by appellant to which the prosecution objected. The trial court admonished the jury not to consider the testimony. No objection to this ruling was made by counsel for appellant. In the absence of an objection and exception, the alleged error is waived. Caswell v. Commonwealth, 285 Ky. 394, 147 S.W.2d 1045.

The first instruction given to the jury set forth all the elements of the offense of an assault with intent to rob. It concluded "then you will find the defendant guilty of attempted robbery and fix his punishment at confinement in the State Reformatory for not less than twenty-one years, or for life, or by death, in your discretion."

The complaint is made that the use of the term "attempted robbery" is error. No

complaint is made concerning the description of the elements of the offense or of the punishment. Instructions on assault and battery, lesser offense, self-defense, and reasonable doubt were given, as well as definitions of "assault", "battery", and "feloniously". The jury could have found a verdict under an instruction other than the first, but, obviously, concluded that the elements of the offense set forth in the first instruction had been proved. An appropriate punishment thereunder was then fixed. The phrase used was a technical error. It was not such as would mislead the jury and was not prejudicial. Criminal Code of Practice, Sections 340, 353. Grigsby v. Commonwealth, 151 Ky. 496, 152 S.W. 580; Kelley v. Commonwealth, 300 Ky. 136, 187 S.W.2d 796.

Appellant urges that the prosecution failed to show any intent to rob and that, therefore, his motion for a directed verdict should have been sustained.

Jack Eldridge, Siegler, and appellant met Lena Frances Mason, a teen-age girl, at a neighborhood store in the afternoon of April 13, 1956. They walked home with Lena Frances, who lived with Rose Kellums, a 75-year-old woman. The young men remained at the home for a period of time that afternoon. After departing, they engaged in a variety of activities, ranging from attendance at church services to the consumption of moonshine whiskey.

About midnight, they returned to the Kellums residence. Eldridge was at the time serving in the Navy and was due to return to duty the next day. Lena Frances denied that she had a date with Eldridge that night, which was the reason stated by appellant for their return.

Lena Frances said that she and Mrs. Kellums were in bed at the time of the arrival of appellant, Eldridge, and Siegler. She admitted them to the house and went into an adjoining room with Eldridge, where they talked for about fifteen minutes. Their conversation was interrupted by the noise of a struggle in the adjoining room.

She said that she saw the appellant choking Mrs. Kellums while Siegler was searching her pockets. Lena Frances and Eldridge rescued Mrs. Kellums. Appellant and Siegler then ran out of the house.

Eldridge testified that appellant explained the struggle by saying that Mrs. Kellums had a gun in her pocket and they were trying to disarm her to protect themselves. However, appellant admitted at the trial that Mrs. Kellums had a flashlight and not a gun. Mrs. Kellums' throat and arms were badly bruised. She was taken to the hospital but had not returned at the time of the trial, nine months later. She did not testify.

A son-in-law of Mrs. Kellums testified that she had $1,017 in cash at the home at the time of the alleged offense. The sheriff of Bell County testified that the appellant, when taken into custody the next morning, stated that he had gone to the "old lady's home" when he was drunk and "thought that she had some money".

Indirect and circumstantial evidence may be the basis of establishing the necessary elements of an offense. The jury may consider circumstances from which it may reasonably infer guilt, and in such instances, the question of guilt or innocence is for the jury. Intent may be proved either by direct or indirect evidence tending to establish the fact, or it may be inferred from the circumstances of the case and the conduct of the accused at the time of and subsequent to the commission of the act. Roberson, New Kentucky Criminal Law and Procedure, Second Edition, Section 18, page 25; Byrd v. Commonwealth, Ky., 283 S.W.2d 191; Barker v. Commonwealth, 304 Ky. 13, 199 S.W. 2d 713; Little v. Commonwealth, 246 Ky. 805, 56 S.W.2d 526. The circumstances shown were sufficient to justify the submission of the case to the jury and its inference of guilt. Vinson v. Commonwealth, Ky., 248 S.W.2d 430.

Judgment affirmed.