**J. Laurel HOPPER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 11, 1963.

Bruce H. Phillips, Monticello, Fritz Krueger, Somerset, for appellant.

John B. Breckinridge, Atty. Gen., James A. Hicks, Commonwealth's Atty., Albany, Ray Corns, Asst. Atty. Gen., for appellee.

PALMORE, Judge.

The appellant, Laurel Hopper, was convicted of voluntary manslaughter and sentenced to 10 years' imprisonment under an indictment charging him with the murder of Clarence Jones. He claims prejudicial error in the following respects:

(1) Failure of the court to hold a sanity hearing;

(2) Refusal of a continuance as requested;

(3) Overruling of his motion for a directed verdict of acquittal;

(4) Omission of the court to instruct the jury concerning appellant's failure to testify, and improper comment in this regard by the Commonwealth's Attorney; and

(5) Erroneous instructions.

The evidence showed that appellant resided across the road from a country store in Wayne County. Several individuals passing the time of day in front of the store saw appellant and Jones at appellant's home. While both men were outside the house and in view of the spectators at the store, appellant was seen pointing what appeared to be a pistol in the direction of Jones, a shot was heard, and Jones fell to the ground. Appellant then went into the house and shortly thereafter came out, locked the door, and drove away in an automobile, whereupon the witnesses went across the road onto his premises and found Jones dead from a gunshot wound· in the upper part of his body. A bullet was later removed from the body by a physician, but neither it nor the gun from which it was fired was introduced in evidence. No weapon was found on or about the person of Jones. Appellant neither testified nor introduced any other proof in defense.

■ We are of the opinion that this evidence was sufficient against the motion for a directed verdict.

Appellant was indicted on November 26, 1962, and his trial was set for December 14, 1962. On the latter date his counsel submitted a verified motion for continuance to the March term of court, alleging that appellant was in such a state of emotional instability and physical illness that he could not assist in the preparation of his defense, and that he was mentally and physically unable to testify. In lieu of continuing the case over to the March term the court called a special term for January 11, 1963, re-set the trial for that date, and directed that appellant be transferred to the state hospital at Danville on or about January 2, 1963, for an observation period of three to five days.

The record discloses that the case went to trial on January 11 as scheduled, with the result heretofore indicated. There was no renewal or new motion for continuance, nor any showing that appellant's condition at this time continued the same as it had been represented to be on December 14, 1962. There also is nothing in the record with respect to the examination at Danville except for an allegation in the motion for new trial that appellant was not ready for trial because he had just been returned on the day before the trial.

■ This being all of the information before us, we cannot say the court abused its discretion in not ordering a formal sanity hearing pursuant to RCr 8.06, cf. Anderson v. Commonwealth, Ky.,. 353 S.W. 2d 381, 385 (1962); Robinson v. Commonwealth, Ky., 243 S.W.2d 673 (1951); or in postponing the trial for a period of four weeks instead of setting it for the March term. If appellant's incapacity actually continued into January so that, together with the time of his absence while being observed at the hospital, his attorneys were substantially and unavoidably prevented from preparing a defense, those circumstances could and should have been submitted to the court in the form of another motion and affidavit on or immediately before the trial date of January 11, 1963. Without such a record there simply is no reasonable basis on which this court can judge whether counsel were afforded adequate opportunity to prepare his case.

■ In the course of his closing address to the jury the Commonwealth's Attorney said, "No witness has been introduced in behalf of the defendant in this prosecution to tell you he didn't slay this man on that occasion and calmly get in his automobile after he walked back * * *" (at which point an objection was made) " * * * Nobody tells you that didn't happen * *."

The court then admonished the jury not to consider any statement with reference to the fact that no witness made a denial. Counsel for defendant moved to discharge the jury, but no further action was taken by the court.

As the Commonwealth's Attorney had already made one previous remark (without objection) to the effect that the defense had introduced no witness to enlighten the jury on what had happened on the fatal occasion, repetition of the comment brought him one step nearer to the outer limits of propriety. See discussions in Anderson v. Commonwealth, Ky., 353 S.W.2d 381, 386 (1962), and Neal v. Commonwealth, Ky., 302 S.W.2d 573, 577 (1957). We condemn it, and suggest that this opinion be received as fair warning. In view, however, of the trial court's admonition and the careful manner in which it was expressed we are of the opinion that there was no prejudicial error. (It is unnecessary for us to decide whether there would have been a prejudicial error in the absence of the admonition.)

■ The case of Kelley v. Commonwealth, 300 Ky. 136, 187 S.W.2d 796 (1945), indicates that perhaps a *requested* instruction to the effect that a defendant's failure to testify does not create any presumption against him should be given if there has been some reference to the matter, but we need not decide the question here because appellant made no such request. It is our view that such an instruction would do more harm than good, and unless the defendant himself insisted upon it we are inclined to believe it would be a prejudicial error.

■ The instruction on reasonable doubt was substantially in accordance with Stanley's Instructions § 868, No. 4, except that it included involuntary as well as voluntary manslaughter:

"If, upon the whole case, you have a reasonable doubt of the defendant having been proved guilty, you ought to find him not guilty; or if you find him guilty, but on all the evidence, have a reasonable doubt as to whether he has been proved guilty of wilful murder, voluntary manslaughter or involuntary manslaughter, you will find him guilty of the lower offense, involuntary manslaughter."

Appellant contends that use of the word "or" following the semicolon nullifies the reasonable doubt instruction on the whole case. The word would be better omitted, but the possibility of misunderstanding is, we believe, too remote to call the instruction prejudicially erroneous. As given, the instruction *was* incorrect in one respect, wherein it told the jury that if, upon a finding of guilt, they had a reasonable doubt as to the degree of the offense, they should find the defendant guilty of *involuntary manslaughter*. However, this error favored the appellant.

The judgment is affirmed.