**Minnie BRUMLEY, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Jan. 31, 1964.

Lester L. Parrott, Manchester, for appellant.

John B. Breckinridge, Atty. Gen., Robert L. Montague, III, Asst. Atty. Gen., for appellee.

MILLIKEN, Chief Justice.

■ This is an appeal from a conviction for voluntary manslaughter resulting in a sentence of two years in the penitentiary. The judgment must be reversed because this Court changed the standard instruction covering the defense of insanity in Terry v. Commonwealth, Ky., 371 S.W.2d 862, decided in May, 1963, after the appellant's conviction in January of 1963, but while it was pending on appeal.

The appellant shot and killed Reuben Smith, an 83-year old man, on September 1, 1962, after a heated argument over a small debt when Smith struck her with his cane and abused her verbally. Subsequently, the appellant was adjudged a person of unsound mind and sent to the State Hospital at Danville for observation. She was released sometime later, but the court was not officially informed as to her mental status or condition at the time of her dismissal from the State Hospital.

■ Whether it was proper to force her to trial in the circumstances was a matter of discretion for the trial court as we decided (October, 1963) in Hopper v. Commonwealth, Ky., 371 S.W.2d 646. See, also, RCr 8.06.

■ In Terry v. Commonwealth, supra, in order to permit wider scope to psychiatric testimony, we deserted the established M'Naghten Rule (knowledge of right or wrong) covering the defense of insanity. This was done with the full knowledge that there might be and probably were some cases on appeal in which the M'Naghten instruction had been given the jury. The present case is one of them and it is our view that this appellant should be tried by the same standard afforded Terry by the reversal of his case, because this appeal was pending during the period in which the

Terry case was being considered and decided. We wish it clearly understood that this change in the form of instruction to be given on the issue of defense of insanity is prospective in its application except in the instance of Terry and those cases on appeal when the Terry appeal was decided. 14 Am.Jur., Courts, Sections 129, 130, at pages 345–347, and annotations; Criminal Law, by Donelly, Goldstein & Schwartz (1962), at pages 289–294.

The philosophy of our position is that the M'Naghten Rule was the procedural law of its era, but that the discoveries and developments in the social sciences such as psychology, psychiatry and sociology must be recognized as facts of life as much as the applications of atomic energy and electrical computers. The Terry decision tailors the procedural law to permit the better utilization of the social sciences in the courtroom.

The judgment is reversed.