STATE OF CONNECTICUT *v.* GEORGE A. POWERS

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 9-28775

Argued April 17—decided August 18, 1967

*Peter M. Ryan,* of Darien, for the appellant (defendant).

*A. Thomas White, Jr.,* assistant prosecuting attorney, for the appellee (state).

KOSICKI, J. The defendant was charged and convicted after a trial to a jury of operating a motor vehicle upon a public highway in violation of § 14-227a of the General Statutes. After the state had presented its case, the defendant rested. On this appeal, no issue is raised as to the conviction except as it may have been incorrectly arrived at because of claimed errors relating to the court's

charge. The undisputed finding shows that the defendant was operating a motor vehicle in Madison on July 23, 1966, while he was under the influence of intoxicating liquor. Upon trial, the defendant offered no evidence and exercised his constitutional right not to testify. He requested in writing that the court charge the jury as follows: "No inference of guilt may be drawn from or sinister meaning may be attached to the exercise of the accused of his constitutional right not to testify." Instead of complying verbatim with this request, the court charged the jury, in part, as follows: "Now, in this particular case, the defendant did not take the stand. By doing so, the court must charge you at this time that by not taking the stand and testifying in this case, the accused has exercised his constitutional right because, as I told you before, it is the burden of the state to prove him guilty beyond a reasonable doubt. He does not have to prove that he did not commit this offense with which he stands charged." To this part of the charge exception was duly taken.

The assignment of error consists of only two claims: that the court erred in refusing to charge the jury as requested and in charging the jury as stated above. The defendant has cited no authority to support his contention that the quoted portion of the charge was incorrect and prejudicial to the defendant as being violative of his constitutional right against self-incrimination under the fifth amendment to the federal constitution. In his brief, the defendant candidly concedes that the fifth amendment, directly in its application to the federal government and in its bearing on the states by the operative force of the fourteenth amendment, has never been construed to hold, as a matter of constitutional law, in either state or federal courts, that the trial court must instruct the jury that no

unfavorable inference may be drawn from the failure of the accused to take the witness stand in his own behalf. See *Malloy* v. *Hogan,* 378 U.S. 1, 11; *Griffin* v. *California,* 380 U.S. 609, 614. The rule in the latter case, which is controlling on our state courts, rendered obsolete our earlier statutory right of the court—but not of the prosecution—to comment on the failure of an accused to offer evidence once a prima facie case had been made out against him. The rule is merely one of silence. It forbids any comment, either by the presiding judge or by counsel, on the neglect or failure of an accused party to testify. See General Statutes § 54-84; *State* v. *Wilkas,* 154 Conn. 407, 410; *State* v. *Annunziato,* 154 Conn. 41, 43; *State* v. *Colonese,* 108 Conn. 454, 463, 464.

In many jurisdictions, including the federal, it is provided by statute that failure of an accused to testify shall not create any inference or presumption of guilt against him, or be considered by the jury, or allowed to have any prejudicial influence upon them. Where such a statutory mandate exists, the trial court is under a duty to charge affirmatively that failure of an accused to testify shall not create any presumption against him. *Bruno* v. *United States,* 308 U.S. 287, 292; note, 84 L. Ed. 261-69. In other jurisdictions, as in Connecticut, it has been held that the trial court may properly refuse to grant a requested instruction of the kind herein considered because the statutes, similar to ours, were limited in their construction to a restraint on the court and prosecution from any comment on the exercise by the defendant of his right not to testify. Note, 84 L. Ed. 269-72, and cases cited. Our statute on the subject, § 54-84, provides: "Any person on trial for crime shall be a competent witness, and at his or her option may testify or refuse to testify upon such trial. . . . The neglect or

refusal of an accused party to testify shall not be commented upon to the court or jury."

In *State* v. *Annunziato,* supra, 43, 44, it was held that the rule laid down by the Supreme Court of the United States in *Griffin* v. *California,* supra, was controlling on state courts and changes the settled rule in Connecticut as heretofore enunciated in cases such as *State* v. *Heno,* 119 Conn. 29, 35; *State* v. *Hayes,* 127 Conn. 543, 591; and *State* v. *Wheaton,* 130 Conn. 544, 549. So far as our rules of evidence were altered by the *Griffin* decision, supra, in cases such as the one before us, courts may not comment on the failure of an accused to testify and, statute or not, such comment violates the fifth amendment. The issue presented by the defendant is of a different order. It would require the court to comment on the failure or neglect of the defendant to take the witness stand, but in a manner which would favor the defendant. Our Supreme Court has rejected requests to charge so framed and, having in view our "no-comment" statute, we find nothing in the recent decisions of the Supreme Court of the United States which would make it imperative to charge as requested by the defendant. In *State* v. *Ford,* 109 Conn. 490, 498-99, it was held: "In jurisdictions where the statute provides that no inference prejudicial to the accused shall be drawn from his failure to testify he is undoubtedly entitled to an instruction to the jury to that effect. This is, however, an extension of the common law and constitutional privilege beyond its original limits. . . . In the absence of controlling statutory provisions the accused is not entitled to an instruction that no opinion prejudicial to him shall be drawn from his failure to testify . . . ." It is to be observed that in *Griffin* v. *California,* 380 U.S. 609, 615 n.6, decision was reserved on whether an accused can require, lacking statutory requirements, that the jury be

instructed that his silence must be disregarded. The court did not err in refusing to charge the jury as requested by the defendant.

There is no error.

In this opinion DEARINGTON and KINMONTH, Js., concurred.