**Linda Whitlock SPENCER a/k/a Linda Spencer Wright, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 7, 1971.

Bernard J. Blau, Kaufmann, Jolly, Johnson & Blau, Newport, for appellant.

John B. Breckinridge, Atty. Gen., James H. Barr, Asst. Atty. Gen., Frankfort, for appellee.

EDWARD P. HILL, Jr., Judge.

Appellant was convicted of larceny of an automobile, a crime denounced by KRS 433.220, and her punishment was fixed at 18 months in the state penitentiary. Appellant has listed eight questions in her table of contents and authorities. After a brief statement of the facts, we shall discuss them in the order in which they appear in appellant's brief without setting them out here. We affirm.

Appellant was charged jointly with Clifford Wayne Williams and Jack Ray Williams, brothers, with a number of crimes involving the theft of automobiles. All the indictments were dismissed for lack of evidence except one under which appellant was tried in which they were charged with stealing a 1967-model Chevelle super sports automobile from Joseph Rebholtz. At the conclusion of all the evidence, the trial judge directed a verdict of acquittal as to the two Williamses for lack of evidence to corroborate that given by the accomplices, leaving the appellant as the only one of those charged to be caught in the legal net. She would have escaped but for evidence that she owned a 1967 Chevelle super sports car like the one stolen from Rebholtz and had possession of a four-speed transmission which was identified as having been in the Rebholtz car at the time it was stolen.

On June 29, 1967, the Rebholtz car was stolen at the Beacon Inn. It was later found near California, Kentucky, where it had been placed in a barn after the removal of its transmission. Both the car and the barn were burned and destroyed.

It was proved in evidence that between June 7, 1969, and July 1, 1969, two other automobiles were stolen in this community and both burned, giving rise to speculation that they were burned to destroy any fingerprints or other evidence.

In addition to the appellant and the two Williams brothers, two other persons were involved in the crime of which appellant was convicted. They were Frank Steinhauer, age 16, and James Roe, age 17. These two juveniles "spilled the beans" and gave evidence that appellant was present when the car was stolen and drove some of the participants in the crime to the barn where the car was concealed.

Steinhauer testified that appellant needed a four-speed transmission or some head-

ers for the same for her 1967-model Chevelle sports car; that the five of them spotted the Rebholtz car; that he and Clifford Williams "hot wired" the car and drove it to a barn near California, Kentucky; that while he, Jack Williams, and Roe removed the transmission from the stolen car, appellant sat in a car belonging to Steinhauer as a lookout for approaching cars or persons; that on the following day, appellant gave him (Steinhauer) the transmission from her car in return for the one taken from the stolen car.

A month later, the appellant took a transmission to a service station in Covington, Kentucky, and requested the owner, Mr. Wilder, to install it in her car. It was discovered by Wilder that the number of the transmission had been filed off. He contacted the police which resulted in the identification of the transmission by Rebholtz and his mechanic. The mechanic had recently repaired the transmission and rebored and rethreaded the drainage socket and placed a plug therein that possessed some peculiar color characteristics, so that the identification was positive and convincing.

Appellant's first argument that the verdict is not supported by the evidence is without merit. Her presence at the time of the crime, assisting the principal actors, is strong and convincing proof of guilt. 52A C.J.S. Larceny §§ 54 and 55. Also her possession of a part of the stolen car, of itself, was sufficient corroboration of the testimony of her two accomplices to justify the verdict. 23 C.J.S. Criminal Law § 812(4). Quillen v. Commonwealth, 284 Ky. 792, 145 S.W.2d 1048 (1940), and Broughton v. Commonwealth, 303 Ky. 18, 196 S.W.2d 890 (1946).

■ Appellant next claims that the testimony of the accomplices was not corroborated. The brief answer to this argument is that there was evidence that appellant took the transmission that came from the stolen car to a garage to have it installed in her own car.

■ The third point made in appellant's brief is that error was committed at her trial by failure of the trial judge to instruct the jury concerning the corroboration necessary to support the evidence of the accomplices. An admonition was given verbally by the trial judge concerning the requirements of RCr 9.62 at the time he dismissed the charges against the Williams brothers. But the clincher to this argument results from the testimony that appellant was shown to have possession of part of the stolen car. As observed above, all the testimony of the accomplices could be disregarded and there would still be sufficient evidence to convict. In such a situation, an instruction under RCr 9.62 is not required. Sarver v. Commonwealth, Ky., 425 S.W.2d 565 (1968); Chaney v. Commonwealth, Ky., 307 S.W.2d 770 (1957); and Dunn v. Commonwealth, Ky., 350 S.W.2d 709 (1961).

■ Appellant's fourth ground for reversal is that the trial court erred in failing to give the jury an instruction that appellant's failure to testify should not be considered by the jury. She relies on Bruno v. United States, 308 U.S. 287, 60 S.Ct. 198, 84 L.Ed. 257, and Griffin v. State of California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106.

True Bruno, supra, holds that under federal criminal proceedings the defendant is entitled to an instruction on his failure to testify if requested. No request for such an instruction was made in the present case during the trial, nor was the point raised in her motion and grounds for a new trial.

KRS 421.225(1), among other things, provides that the failure of a defendant to testify in his own behalf "shall not be commented upon or create any presumption against him."

The foregoing section of the statute is an augmentation of section 11 of the Constitution of Kentucky insofar as it pertains to the protection of the defendant against

self-incrimination. Actually a defendant could not be compelled to give evidence against himself under common law.

Our statute merely says that the fact a defendant chooses not to testify "shall not be commented upon or create any presumption against him." This statute intended to silence not only the attorney representing the prosecution but the trial judge also. In the early case of Tines v. Commonwealth, 25 Ky.Law Rep. 1233, 77 S.W. 363, the trial court gave a similar instruction. This court had the following to say about the instruction:

"The court, by the instruction in question, did appellant the very injury which it is the object of the law to prevent. Appellant was entitled to absolute silence on his failure to testify in his own behalf."

See also Hanks v. Commonwealth, 248 Ky. 203, 58 S.W.2d 394, and Armstrong v. Commonwealth, 190 Ky. 217, 227 S.W. 162.

■ Under our law, it is optional with the defendant whether he testifies in his own behalf. Our statute, unlike the Federal law (18 U.S.C. § 3481), does not provide for an instruction if requested by the defendant as in Bruno, supra. Although our Kentucky Constitution does not specifically safeguard to the defendant an instruction on his failure to testify, we are of the opinion that in view of KRS 421.225(1) the defendant is entitled to an instruction when properly requested. In fact, Bruno, supra, relied upon by appellant, recognizes, the defendant's choice wherein it was said "the accused should be allowed to make his own choice [as to whether the jury should be instructed on his right to refuse to testify] when an Act of Congress authorizes him to choose." See also Pereira v. United States, 5 Cir., 202 F.2d 830 (1954), affirmed 347 U.S. 1, 74 S.Ct. 358, 98 L.Ed. 435; Cohen v. United States, 9 Cir., 366 F.2d 363 (1966); and State v. Powers, 4 Conn.Cir. 520, 236 A.2d 354 (1967).

We should note at this point that in Kelley v. Commonwealth, 300 Ky. 136, 187 S.W.2d 796, in a similar situation this court said at page 800:

"* * * [W]hile it would have been better for the court to have given such instruction when moved for, its declining to give it we do not regard as being of prejudicial effect, where it was nowhere commented on by the court."

Our opinion in Hopper v. Commonwealth, Ky., 371 S.W.2d 646, 648 (1963), about answers our question. Therein we said:

"The case of Kelley v. Commonwealth, 300 Ky. 136, 187 S.W.2d 796 (1945), indicates that perhaps a *requested* instruction to the effect that a defendant's failure to testify does not create any presumption against him should be given if there has been some reference to the matter, but we need not decide the question here because appellant made no such request. It is our view that such an instruction would do more harm than good, and unless the defendant himself insisted upon it we are inclined to believe it would be a prejudicial error."

We now bolster and reaffirm Hopper.

■ Appellant next complains that error was committed by the trial court in his comments when directing a verdict for the two other defendants charged jointly with the appellant.

There was no objection thereto or motion to discharge the jury. See Patrick v. Commonwealth, Ky., 436 S.W.2d 69 (1968), and Hatton v. Commonwealth, Ky., 444 S.W.2d 731 (1969).

■ Appellant complains that one of the jurors had a conversation with the father of the Williams boys in which the juror, Herbert Cole, told the senior Mr. Williams, "Your boys are all right now." In answer, Mr. Williams said: "No, unless the girl is." We find nothing harmful to the appellant in this exchange.

■ Closely related to the preceding argument is one in which appellant charges that the trial court failed to admonish the jury not to converse with anyone as required by RCr 9.70. This question was not raised in the trial court. Neither was it brought to the attention of the trial court. Turner v. Commonwealth, Ky., 460 S.W.2d 345 (1970).

■ Appellant's final argument is that various bits of incompetent and prejudicial evidence were admitted over her objection. First she contends that the testimony of Officer Seifried on the ownership of the stolen car was incompetent as hearsay. He testified he knew the stolen car belonged to Rebholtz. True, the record title may have been the best evidence, but there was no objection to his testimony. Enough for that.

■ Objection is also made to the evidence of the same officer of his taking statements from the two youthful accomplices and his arrest of the other three persons. This was not improper. 22A C.J.S. Criminal Law § 729; Hemphill v. Commonwealth, Ky., 379 S.W.2d 223 (1964); and Kinder v. Commonwealth, Ky., 306 S. W.2d 265 (1957).

■ Another item of evidence questioned in appellant's "Mother Hubbard" and final argument relates to the testimony of Rebholtz, the owner of the stolen car, as to its value. The mini answer to this argument is that value is not a necessary element of the crime denounced by KRS 433.220.

■ Finally objection is made that it was improper to introduce the transmission into evidence and to permit the garageman to testify as to the identification of the transmission by Joe Bertrand and Rebholtz. We find nothing improper or prejudicial in the admission of this evidence. Obviously it may have hurt appellant as it furnished the link connecting appellant with possession of a part of the stolen car, but the fact that evidence hurts doesn't justify its suppression.

The judgment is affirmed.

All concur.