**Thomas James DIXON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 17, 1972.

John David Cole, Bowling Green, for appellant.

Ed W. Hancock, Atty. Gen., John M. Famularo, Asst. Atty. Gen., Frankfort, for appellee.

EDWARD P. HILL, Judge.

This appeal is from a judgment entered pursuant to a jury verdict finding the appellant guilty of armed robbery and fixing his punishment at 10 years in prison and providing that that imprisonment run consecutively with a life sentence he is currently serving under a previous conviction for a like offense.

Two arguments are presented in an effort to reverse the judgment. First the appellant argues that he was entitled to an instruction admonishing the jury not to indulge in any presumption against appellant because of his failure to testify. The appellant relies upon Spencer v. Commonwealth, Ky., 467 S.W.2d 128 (1971). The complete answer adverse to appellant's argument may be found in Scott v. Commonwealth, Ky. (decided March 17, 1972).

Appellant's second argument maintains that his punishment amounts to cruel and unusual punishment. The question of whether a sentence shall run consecutively or concurrently with another sentence is a matter within the sound discretion of the trial judge. McBride v. Commonwealth, Ky., 432 S.W.2d 410. The question of what is or is not cruel and unusual punishment is not always an easy one. But in the instant case where the punishment was the minimum sentence under the statute, it is difficult to say that such punishment, under an order providing

that it run consecutively with his previously fixed sentence, constitutes cruel and unusual punishment.

The judgment is affirmed.

All concur.