**George D. SCHMUTZ, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 40743.**

Missouri Court of Appeals,
Western District.

Feb. 28, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 28, 1989.

Application to Transfer Denied
May 16, 1989.

---

Sean D. O'Brien, Public Defender, David S. Durbin, Asst. Public Defender, Kansas City, for appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before FENNER, P.J., and SHANGLER and BERREY, JJ.

FENNER, Presiding Judge.

Appellant, George D. Schmutz, appeals the denial of his Rule 27.26 (now repealed) motion.

On June 17, 1985, appellant appeared with his attorney, Mr. Robert G. Duncan, before the Honorable L. Thomas Elliston, sitting specially as Judge of Division No. 16 of the Circuit Court of Jackson County, Missouri, and entered a plea of guilty to the charge of assault in the first degree. Appellant's guilty plea was entered as part of a plea bargain agreement in which the State agreed to dismiss Count II of the information, which charged appellant with armed criminal action, as well as a charge in another case. The plea agreement also provided that, following the receipt of a presentence investigation report the appel-lant would be sentenced to a maximum of 20 years' imprisonment. On September 6, 1985, following the court's receipt of the presentence investigation report, appellant was sentenced to 20 years'.

On October 27, 1987, appellant filed a *pro se* motion under Rule 27.26, seeking to set aside his conviction and sentence. Counsel was appointed for appellant and thereafter, first and second amended motions pursuant to Rule 27.26 were filed on appellant's behalf. Each of appellant's successive motions incorporated the allegations of his *pro se* motion.

On June 1, 1988, the appellant's request for relief under Rule 27.26 was denied pursuant to Findings of Fact, Conclusions of Law and Judgment of the Honorable Julian M. Levitt. Appellant argues in his appeal that Judge Levitt erred in denying his motion in that his guilty plea was not voluntarily, knowingly and intelligently made because at the hearing on his motion there was uncontroverted evidence that his initial defense counsel, Mr. Lewis E. Pierce, failed to inform him of a five year plea offer by the State.

Appellant argues that his original trial attorney, Mr. Lewis E. Pierce, failed to inform him that the State had offered a plea bargain of not more than five years' imprisonment. Mr. Pierce died in September of 1984, during the time that he was representing appellant, and thereafter, Mr. Robert G. Duncan assumed the representation of appellant until after his guilty plea. Appellant contends that the failure of Mr. Pierce to inform him of the five year plea offer amounted to a deliberate abdication of Pierce's ethical duty to appellant which appellant maintains constitutes ineffective assistance of counsel.

Appellate review of an order entered on a Rule 27.26 motion is limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.26(j); *Futrell v. State,* 667 S.W.2d 404, 405 (Mo. banc 1984). The Rule 27.26 court determines the credibility of the witnesses, and is not required to believe a defendant's testimony even if no contrary evidence is offered. *Mountjoy v. State,* 750 S.W.2d 471, 474 (Mo.App.1988).

In regard to appellant's allegation that Mr. Pierce had not advised him of a plea bargain of not more than five years' imprisonment, Judge Levitt stated in his findings of fact that appellant admits in his 27.26 motion that he knew of the offer of a five year sentence in exchange for a guilty plea. In his original *pro se* motion appellant acknowledged that he had originally been offered a five year guilty plea but that he ended up entering a plea of guilty and receiving a 20 year sentence as a result of the lack of representation by Mr. Duncan. Furthermore, the assistant prosecutor who offered the five year plea bargain to Mr. Pierce, testified at the Rule 27.26 hearing that when Mr. Pierce rejected the offer, he stated, "No offense, boys, but I'm afraid we're going to have to go to trial. My client doesn't want to risk doing any time." Mr. Duncan also testified at the Rule 27.26 hearing that his notes revealed that he had discussed the possibility of making a deal with appellant and appellant expressed as late as March 9, 1985, that he did not want to plead if he would be required to spend any time in jail.

Although there may be some instances where a lawyer's deliberate abdication of an ethical duty to his client constitutes ineffective assistance of counsel, e.g., *Smith v. State,* 473 S.W.2d 719, 722 (Mo. 1971), the record in the case at bar supports the findings of the Rule 27.26 court that appellant knew of the plea bargain offer of a five year sentence.

There was ample evidence from which the Rule 27.26 court could justifiably conclude, as it did, that Mr. Pierce had informed appellant of the five year plea offer and that it was appellant's decision to reject the offer.

The judgment of the trial court overruling appellant's Rule 27.26 motion is affirmed.

All concur.