STATE OF CONNECTICUT *v.* ANDREW MELE

BALDWIN, INGLIS, O'SULLIVAN, QUINLAN and DALY, Js.

Argued October 15—decided November 10, 1953

*Anthony A. E. DeLucia,* for the appellant (defendant).

*Abraham S. Ullman,* state's attorney, with whom, on the brief, was *Arthur T. Gorman,* assistant state's attorney, for the appellee (state).

INGLIS, C. J. Upon an information charging an assault with intent to murder, the defendant was convicted of assault with intent to kill. From that conviction he has appealed, assigning several errors in the charge, one of which is that the court failed to instruct the jury that they might bring in a verdict of guilty of aggravated assault.

The information charged that "Andrew Mele did commit an assault upon one Henrietta Amici Mele, with intent to murder her, against the peace, and contrary to the Statute Section 8356 in such case made and provided." The state claimed to have proved that on the night of September 29, 1952, the defendant inflicted thirty or forty lacerations and stab wounds upon the complainant, who was his wife; that his motive for doing so was revenge upon her

for having made a complaint to the police that he had committed adultery; and that, after his arrest on the present charge, he had made a statement to the effect that he had gone to the home of the complainant that evening for the purpose of killing her.

The defendant claimed that when he arrived home on the night in question there were suspicious circumstances which led to his accusing his wife of having had improper relations with another man. Thereupon an argument started in which his wife struck him and he went into the kitchen, took the knife and stabbed her.

The court charged the jury, in part, as follows: "In this particular case there are four possible verdicts which it is possible for you to render. If you find that an assault has been committed upon the wife of this accused and that that assault was with the intent to kill her and that the assault was characterized by malice aforethought, then your verdict must be guilty, which will mean guilty as charged; that is, guilty of assault with intent to murder. Should you find that the accused committed an assault upon his wife, as alleged, with intent to kill her, but find that the State has not sustained the element of malice aforethought, then your verdict would be guilty of assault with intent to kill. Should you find that the accused committed an assault upon his wife, but find that the State has not satisfied you as to any specific intent to kill her, then your verdict is simply assault. Should you find that the State has not satisfied you that the accused committed an assault, then, of course, the verdict would be not guilty." The court went on to say that "if, as between any of these three verdicts of guilt, you entertain a doubt between the higher and the lower, you must give the accused the benefit of that doubt." The accused had filed no

requests to charge, but at the end of the charge he took exception to the court's failure to mention aggravated assault.

In response to an inquiry from the jury as to the difference between assault with intent to murder and assault with intent to kill, the court gave them a supplemental charge. In that it mentioned that there was "a third grade of assault, which is aggravated assault, with a dangerous weapon. Where an assault is made upon the person of another with a dangerous weapon, that is aggravated assault." It did not, however, instruct the jury that it was possible for them to render a verdict of guilty of aggravated assault. After the jury had again retired, the defendant called the court's attention to the omission to so charge. Thus the question is presented whether the defendant was entitled to a charge that the jury might find the defendant guilty of aggravated assault.

It is well settled that upon a trial on a charge of a greater offense there may be a conviction of a lesser offense if two conditions are satisfied. The first of these conditions is that the evidence must be such that it warrants a finding that the defendant is guilty of the lesser offense, and the second is that all of the essential elements constituting the lesser offense are alleged in the information. 42 C.J.S. 1294, § 271. When these two conditions are met, the defendant is entitled to a charge that the jury may find him guilty of the lesser offense if there is a reasonable doubt as to the additional elements necessary to prove the greater crime. *State* v. *Monte,* 131 Conn. 134, 135, 38 A.2d 434; *State* v. *Buonomo,* 87 Conn. 285, 289, 87 A. 977.

Section 8520 of the General Statutes provides: "Any person who shall make an assault upon another

with any deadly or dangerous weapon shall be guilty of an aggravated assault. . . ." In the present case, so far as the evidence goes, the jury might reasonably have found that the defendant committed an assault upon the complainant with a knife and that the knife was a dangerous weapon, but they might have failed to find that the assault was made with an intent either to kill or to murder. In other words, the evidence might have warranted a finding that the defendant was guilty of aggravated assault. The substantial question, therefore, is whether the second condition referred to above was satisfied, that is, whether the essential elements of the crime of aggravated assault were included in the allegations of the information.

The state, to support its claim that the crime of aggravated assault was not alleged, points to the fact that nowhere in the information do the words "aggravated assault" or "deadly or dangerous weapon" appear. This, however, does not completely answer the question. The information is in the short form authorized by Practice Book, § 344. Section 349 of the Practice Book provides that an information in this form need contain no allegation of "the means by which [the offense] was committed." At common law it was necessary for an information charging assault with intent to murder to set forth in detail the means by which the assault had been accomplished. 2 Swift's Digest 378. Except for the rules permitting short-form informations, the information in the present case, for example, would have had to allege that the wounds had been inflicted with a knife. The result of the rule is, therefore, that a short-form information charging an assault with intent to murder, as in the instant case, in effect charges that the assault was committed by any means which the state

may prove on the trial. If it appears in evidence that the assault was committed by means of a dangerous weapon, then the information must be read as though it alleged that the assault was committed by that means. See *State* v. *DiLorenzo,* 138 Conn. 281, 284, 83 A.2d 479. There can be no doubt that, under the allegations of the information, evidence that the assault was committed with a dangerous weapon was admissible. *People* v. *Cassler,* 332 Ill. 207, 217, 163 N.E. 430. Nor can there be any doubt that a conviction under it of assault with intent to murder would have been a bar to a prosecution for assault with a deadly weapon arising out of the same transaction. *State* v. *Parmelee,* 9 Conn. 259. These considerations lead to the conclusion that the essential elements of the crime of aggravated assault were included in the allegations of the information and that the jury should have been charged that a finding of guilty of that crime was possible.

The other assignments of error have no merit.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.