STATE OF CONNECTICUT *v.* SALVATORE ANNUNZIATO

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, Js.

Argued June 8—decided June 21, 1966

42

*Ira B. Grudberg,* with whom, on the brief, was *Howard A. Jacobs,* for the appellant (defendant).

*George R. Tiernan,* state's attorney, for the appellee (state).

KING, C. J.. The defendant was tried to the jury on a charge of assault with intent to murder in violation of General Statutes § 53-12. The charge arose out of the shooting of Lawrence Zernitz. The defendant was convicted of the lesser, included crime of aggravated assault, that is, assault with a deadly or dangerous weapon, in violation of General Statutes § 53-16. See *State* v. *Mele,* 140 Conn. 398, 403, 100 A.2d 570.

The defendant did not take the stand in his own defense. His principal claim of error is that the court's charge to the jury violated his fifth amendment privilege against compulsory self-incrimination.

It is the settled Connecticut rule that "a trier may take into consideration the failure of an accused to testify [and may draw an adverse inference therefrom] only if the state has made out a prima facie case against him." *State* v. *Nelson,* 139 Conn. 124, 127, 90 A.2d 157. "A prima facie case is made out, however, when the evidence indicates to a reasonable person such a strong probability of guilt that a denial or an explanation by the defendant is reasonably called for. . . . This is true even though the state's evidence is only cir-

cumstantial." Ibid.; *State* v. *DelVecchio,* 145 Conn. 549, 551, 145 A.2d 199; *State* v. *Lenihan,* 151 Conn. 552, 555, 200 A.2d 476. The court charged the jury in accordance with the foregoing rule.

Pursuant to the requirements of Practice Book § 249, the defendant duly excepted to the charge on the basic ground that the court's comment on the failure of the defendant to take the stand, as embodied in the charge, was a violation of the defendant's privilege against compulsory self-incrimination, which is accorded him by the fifth amendment to the federal constitution as made applicable to the states through the fourteenth amendment.

General Statutes § 54-84 provides: "Any person on trial for crime shall be a competent witness, and at his or her option may testify or refuse to testify upon such trial. . . . The neglect or refusal of an accused party to testify shall not be commented upon to the court or jury." This statute has been construed as prohibiting comment by the state's attorney on the failure of the accused himself to testify, whether the trial is to the court or to a jury, but not as prohibiting the court itself from commenting to the jury on that fact or from charging as hereinbefore set forth. *State* v. *Heno,* 119 Conn. 29, 35, 174 A. 181; *State* v. *Hayes,* 127 Conn. 543, 591, 18 A.2d 895; *State* v. *Wheaton,* 130 Conn. 544, 549, 36 A.2d 118.

Thus, there was no error in the charge under settled Connecticut law as of the time the charge was given on October 29, 1964.

Some six months later, on April 28, 1965, the Supreme Court of the United States decided the case of *Griffin* v. *California,* 380 U.S. 609, 85 S. Ct. 1229, 14 L. Ed. 2d 106. In that case, it was held

that adverse comment by a prosecutor or a trial judge on a defendant's failure to testify in a state criminal trial violated the federal privilege against compulsory self-incrimination because such comment "cuts down on the privilege by making its assertion costly." Id., 614. This decision is controlling on state courts and changes Connecticut's settled rule as outlined above.

The only question is to what extent, if at all, the *Griffin* case is retroactively applicable to cases which, like the one now before us, had been fully tried long prior to the *Griffin* decision.

Here again, the rule of the Supreme Court of the United States, whatever it may be, is controlling, and our only problem is to ascertain what that rule is. We think the answer is to be found in *Tehan* v. *Shott,* 382 U.S. 406, 409, 86 S. Ct. 459, 15 L. Ed. 2d 453. That case held that the *Griffin* rule does not require retrospective application to cases where "[a]ll avenues of direct review of the . . . [defendant's] conviction . . . [had been] fully foreclosed . . . before . . . [the] decision in . . . *Griffin* v. *California,* supra." Id., 408. In the instant case, of course, the appeal of the defendant has just been argued, so that his case does not fall within the quoted rule of the *Tehan* case. In footnote 3 of the *Tehan* case (p. 409), it is stated that there is no "question of the applicability of the *Griffin* rule to cases still pending on direct review at the time it was announced. Cf. *O'Connor* v. *Ohio,* . . . [382 U.S. 286, 86 S. Ct. 445, 15 L. Ed. 2d 337]." That is the situation here. Indeed, that was the situation in the *Griffin* case, wherein the rule was first promulgated. See also footnote 3 in the *Tehan* case, wherein it is pointed out that "[t]he rule announced in *Griffin* was applied to reverse Griffin's convic-

tion." It follows that we are constrained to hold that the court below was in error in charging the jury as to the inference which might be drawn from the defendant's failure to take the stand. Particularly in view of the weakness of the state's case, there is no merit in the state's claim that the erroneous instruction was immaterial, and therefore harmless, under the rule of cases such as *People* v. *Bostick,* 62 Cal. 2d 820, 824, 402 P.2d 529, and *People* v. *Teale,* 63 Cal. 2d 178, 196, 404 P.2d 209.

Another claim of error is the refusal of the court to grant a motion for a directed verdict of acquittal under the provisions of Practice Book § 480. Clearly, the state's case was not a strong one. Several of the witnesses appeared uncooperative, especially the victim of the shooting. This development forced the state to rely on circumstantial evidence to an extent greater than would normally be expected in the situation in which the shooting took place. The verdict of guilty, however, was rendered on the lesser, included crime of assault with a dangerous or deadly weapon, and not on the crime charged, which was assault with intent to murder. We cannot say that the evidence was so weak as to require the court to direct a verdict of outright acquittal. *State* v. *Torello,* 100 Conn. 637, 643, 124 A. 375.

Since there must be a new trial, it is unnecessary to discuss the other claims of error pursued in the defendant's brief.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.