### STATE OF CONNECTICUT v. RAYMOND G. NALES

SUPERIOR COURT      FAIRFIELD COUNTY      FILE NO. 17173
AT BRIDGEPORT

Memorandum filed November 13, 1968

*Otto J. Saur,* state's attorney, for the state.

*Goldstein & Peck,* of Bridgeport, for the defendant.

ARMENTANO, J. The defendant, in the first count of the information, is charged with the crime of possession of burglars' tools in the night, in that on or about April 19, 1968, at Weston, he unlawfully had in his possession certain instruments of housebreaking, to wit, a pry bar, pipe wrench and steel punch, in violation of § 53-71 of the General Statutes. Section 53-71 states: "Any person who . . . , in the night, has in his possession, without lawful excuse, the proof of which excuse shall be upon him, any key, picklock, jimmy, jack or bit or other instrument of house-breaking . . . shall be imprisoned not more than five years."

To this first count of the information, the defendant demurs on the following grounds: (1) The privilege against self-incrimination is violated; (2) the information and § 53-71 upon which it is based are founded on an invalid presumption of criminal intent; (3) the burden of proof is improperly placed upon the defendant. The demurrer is well taken.

The fifth amendment to the constitution of the United States states that no person "shall be compelled in any criminal case to be a witness against himself." This fifth amendment privilege against

self-incrimination is applicable to the states as well as to the federal government. *Malloy* v. *Hogan,* 378 U.S. 1, 6. A defendant in a criminal case has a constitutional right to remain silent and is not obliged to take the witness stand. In the matter at bar, the defendant is charged with possession of certain instruments of housebreaking, to wit, a pry bar, pipe wrench and steel punch. Section 53-71 of the General Statutes places upon him the proof of "lawful excuse" for their possession. The statute places upon him a burden which is constitutionally inconsistent and unacceptable. It places him in a dilemma not of his own choosing. If he takes the witness stand in his own behalf to offer evidence in order to sustain his burden of proof, as imposed by statute, he waives his constitutional privilege against self-incrimination and is exposed to full cross-examination by the state. On the other hand, if he relies on his privilege against self-incrimination and chooses to remain silent, he has not sustained his burden of proof under the statute. By offering no evidence, the defendant fails to prove "lawful excuse." *State* v. *Perkins,* 146 Conn. 518, 522.

This conflict between the defendant's full privilege against self-incrimination and the defendant's burden of proof under the statute also places the trial judge in a dilemma in his charge to the jury. If the defendant does not take the stand in his own behalf and elects to remain silent, the trial judge cannot comment to the jury on the defendant's failure to take the stand. To do so would violate the self-incrimination clause of the fifth amendment. *Griffin* v. *California,* 380 U.S. 609, 615; *State* v. *Annunziato,* 154 Conn. 41, 45. On the other hand, the trial judge has a duty to explain the statute in question to the jury together with the defendant's burden of proving "lawful excuse" under it. The judge should instruct the jury that the defendant's

failure to offer evidence of "lawful excuse" is failure to sustain his burden. If the judge does not, he has not given a complete and sufficient charge.

No rational inference of criminal intent can be drawn from the mere possession of a pry bar, pipe wrench and steel punch, instruments which reasonably may be employed in crime. *Benton* v. *United States,* 232 F.2d 341, 344. Section 53-71 obligates the defendant to show that the instruments of housebreaking are not in his possession for a criminal purpose. He must prove "lawful excuse," which means that he had the implements in his possession for a legal and valid purpose. By thus casting upon the defendant the burden of proof in the absence of criminal intent, the statute presumes its existence from the mere fact of the possession of the articles described. A presumption of intent which flows from proof of mere possession is an irrational one. *Benton* v. *United States,* supra.

The defendant is presumed innocent until he is proven guilty. The defendant does not have to prove his innocence. The burden is upon the state to prove the defendant guilty of the crime with which he is charged beyond a reasonable doubt. Due process commands that no man shall lose his liberty unless the state has borne this burden. *Stump* v. *Bennett,* 398 F.2d 111, 120. The defendant has the traditional right to have the state assume its full burden. Section 53-71 places the burden of proving "lawful excuse" upon the defendant. To compel him to assume this statutory burden of "lawful excuse" takes away part of his constitutional right. "Such a . . . [statute] can have no other purpose than to 'chill the assertion of constitutional rights by penalizing those who choose to exercise them . . . .' This is an impermissible burden [which violates due process]." *Stump* v. *Bennett,* supra.

Section 53-71 creates several offenses. These offenses are divisible, separate, and distinct. The use of the disjunctive "or" indicates clear legislative intent of separability. *State* v. *Sul,* 146 Conn. 78, 89. One of these offenses is having in possession in the night, without lawful excuse, certain specified instruments or any other instruments of housebreaking. The exact language of the statute for this offense reads as follows: ". . . in the night, has in his possession, without lawful excuse, the proof of which excuse shall be upon him, any key, picklock, jimmy, jack or bit or other instrument of house-breaking." This portion of the statute is unconstitutional and invalid as it contravenes constitutional guarantees afforded by the fifth and fourteenth amendments to the federal constitution. The invalidity of this provision of the statute shall not affect other provisions of the statute. General Statutes § 1-3.

Accordingly, for the foregoing reasons, the defendant's demurrer to the first count of the information is sustained.