STATE OF CONNECTICUT *v.* JEROME MARTIN

SPEZIALE, C. J., PETERS, HEALEY, PARSKEY and WRIGHT, Js.

Argued January 7—decision released May 25, 1982

*F. Mac Buckley,* for the appellant (defendant).

*Ernest J. Diette, Jr.,* assistant state's attorney, with whom, on the brief, were *John M. Bailey,* state's attorney, and *Herbert G. Appleton,* assistant state's attorney, for the appellee (state).

WRIGHT, J. The defendant in this appeal was charged with the crimes of sexual assault in the first degree in violation of General Statutes § 53a-70, and unlawful restraint in the first degree in violation of General Statutes § 53a-95. The defendant was tried to a jury and was acquitted on the unlawful restraint charge at the conclusion of the state's case. After all the evidence had been presented, the court charged the jury that it might consider not only first degree sexual assault but also what the court termed the "lesser included offenses" of sexual assault in the third and fourth degrees. The jury acquitted the defendant of the first degree charge but found him guilty of sexual assault in the third degree. The court thereupon denied the defendant's motion for acquittal.

The defendant's appeal is grounded on six claims of error. As one claim of error is dispositive of this appeal, we need not discuss the other claims.

The alleged assault arose out of a relationship which was evidently, at least in part, consensual. The events giving rise to the charges occurred at the end of an extended evening of drinking and dalliance, first at a Hartford "singles" bar and later at the victim's apartment, to which she had invited the defendant and another couple in the early morning hours. From the testimony of the other couple, the jury could have concluded that the victim was a willing participant in various sexual activities. These activities culminated in acts of intercourse giving rise to a claim that pene-

tration had occurred as a result of the defendant's use of force. This claim was the basis for the state's charge of sexual assault in the first degree, in violation of General Statutes § 53a-70.[1] The defendant now appeals his conviction of the offense of sexual assault in the third degree; General Statutes § 53a-72a; on the ground that that offense is not a lesser offense included within the crime of sexual assault in the first degree; General Statutes § 53a-70; with which he was charged.[2]

If this assertion is correct, the defendant was convicted of an offense for which he was not on trial. In such a case the conviction would be improper, and the verdict could not stand. As we

[1] "[General Statutes] Sec. 53a-70. SEXUAL ASSAULT IN THE FIRST DEGREE: CLASS B FELONY. (a) A person is guilty of sexual assault in the first degree when such person compels another person to engage in sexual intercourse by the use of force against such other person or a third person, or by the threat of use of force against such other person or against a third person which reasonably causes such person to fear physical injury to such person or a third person."

Cf. "[General Statutes] Sec. 53a-72a. SEXUAL ASSAULT IN THE THIRD DEGREE: CLASS D FELONY. (a) A person is guilty of sexual assault in the third degree when such person (1) compels another person to submit to sexual contact (A) by the use of force against such other person or a third person, or (B) by the threat of use of force against such other person or against a third person, which reasonably causes such person to fear physical injury to such person or a third person, or (2) engages in sexual intercourse with another person whom such person knows to be related to such person within any of the degrees of kindred specified in section 46b-21."

[2] The Substituted Information in this case reads as follows: "GEORGE D. STOUGHTON, State's Attorney for the County of Hartford, accuses Jerome Martin of Wethersfield, Connecticut, of SEXUAL ASSAULT IN THE FIRST DEGREE, and charges that at the City of Hartford, on or about the 3rd day of January, 1978, the said Jerome Martin did compel another person to engage in sexual intercourse by the use of force, in violation of Section 53a-70 of the General Statutes.

Herbert G. Appleton
ASSISTANT STATE'S ATTORNEY

Filed March 16, 1979"

noted in *State* v. *Rodriguez,* 180 Conn. 382, 399 n.10, 429 A.2d 919 (1980), a defendant convicted of an offense of which he was never given notice has been deprived of a fundamental constitutional right and of a fair trial.

If sexual assault in the third degree is a lesser offense included within sexual assault in the first degree, the defendant has had notice of the lesser charge because the statement of the principal charge constitutes notice as to all offenses necessarily included therein. See *State* v. *Jacobowitz,* 182 Conn. 585, 591, 438 A.2d 792 (1981), which reads as follows: "The constitutional right to notice is satisfied as to lesser included offenses because, 'where one or more offenses are lesser than and included within the one charged, notice of the one charged constitutes notice of any lesser included offenses. See *Paterno* v. *Lyons,* 334 U.S. 314, 320–21, 68 S. Ct. 1044, 92 L. Ed. 1409 (1948).' "

Connecticut's general test for lesser included offenses was recently set forth in complete form in *State* v. *Whistnant,* 179 Conn. 576, 588, 427 A.2d 414 (1980), and was clarified in *State* v. *Tinsley,* 181 Conn. 388, 435 A.2d 1002 (1980).[3]

---

[3] The *Whistnant* conditions entitling the defendant to a lesser included offense instruction were restated in *Tinsley* as follows: "(1) an appropriate instruction is requested by either the state or the defendant; (2) it is not possible to commit the greater offense, in the manner described in the information or bill of particulars, without having first committed the lesser; (3) the evidence, introduced by either the state or the defendant, or by a combination of their proofs, justifies conviction of the lesser offense; and (4) the proof on the element or elements which differentiate the lesser offense from the offense charged is sufficiently in dispute to permit the jury consistently to find the defendant innocent of the greater offense but guilty of the lesser." *State* v. *Tinsley,* 181 Conn. 388, 396, 435 A.2d 1002 (1980).

Because *Whistnant* was decided after the decision under review was rendered, we will test the propriety of the instruction against the earlier rules which are reflected in the *Whistnant* conditions.[4]

The leading case on lesser included offenses prior to *Whistnant* was *State* v. *Brown,* 163 Conn. 52, 301 A.2d 547 (1972). In *Brown* the court focussed on the information as the starting point for an inquiry into possible lesser included offenses. The threshold question was "whether it is *possible* to commit the greater offense, *in the manner described in the information* or bill of particulars, without having first committed the lesser." (Emphasis added.) Id., 62.

In the present case, the information merely charged "sexual intercourse" in violation of General Statutes § 53a-70. Section 53a-65[5] provides

---

[4] To the extent that *Whistnant* creates a sixth amendment constitutional entitlement, it may be retroactive in its application, but as the defendant is objecting to the instruction rather than claiming it, we need not address that issue. *State* v. *Shaw,* 186 Conn. 45, 50, 438 A.2d 872 (1982).

[5] "[General Statutes] Sec. 53a-65. DEFINITIONS. As used in this part, the following terms have the following meanings:

(1) 'Actor' means a person accused of sexual assault.

(2) 'Sexual intercourse' means vaginal intercourse, anal intercourse, fellatio or cunnilingus between persons regardless of sex. Penetration, however slight, is sufficient to complete vaginal intercourse, anal intercourse or fellatio and does not require emission of semen. Penetration may be committed by an object manipulated by the actor into the genital or anal opening of the victim's body. Its meaning is limited to persons not married to each other.

(3) 'Sexual contact' means any contact with the intimate parts of a person not married to the actor for the purpose of sexual gratification of the actor.

(4) 'Mentally defective' means that a person suffers from a mental disease or defect which renders such person incapable of appraising the nature of such person's conduct.

(5) 'Mentally incapacitated' means that a person is rendered temporarily incapable of appraising or controlling such person's conduct

the definitions applicable to sexual offenses. Under subsection (2) of that statute, " '[s]exual intercourse' means vaginal intercourse, anal intercourse, fellatio or cunnilingus between persons regardless of sex. Penetration, however slight, is sufficient to complete . . . intercourse . . . ." " 'Sexual contact,' " the offense of which sexual assault in the third degree consists, is defined in subsection (3) as "any contact with the intimate parts of a person not married to the actor for the purpose of sexual gratification of the actor." Subsection (8), in turn, defines " '[i]ntimate parts' " as "the genital area, groin, anus, inner thighs, buttocks or breasts." Under subsection (8), a victim's mouth is not an intimate part. Thus, it is clearly possible to compel a victim to engage in fellatio, a form of intercourse under § 53a-70, without compelling the victim to submit to a nonconsensual touching of her intimate parts, the definition of sexual contact under § 53a-72a. Accordingly, under the information as worded in this case, a violation of § 53a-72a is not included within the violation of § 53a-70.

The *Brown* court (pp. 60–62) rejected an earlier approach, appropriate to short form informations, in which the court was free to examine the evidence for any crimes suggested therein. See *State* v. *Mele,* 140 Conn. 398, 100 A.2d 570 (1953). Our

---

owing to the influence of a drug or intoxicating substance administered to such person without such person's consent, or owing to any other act committed upon such person without such person's consent.

(6) 'Physically helpless' means that a person is unconscious or for any other reason is physically unable to communicate unwillingness to act.

(7) 'Use of force' means: (a) Use of a dangerous instrument; or (b) use of actual physical force or violence or superior physical strength against the victim.

(8) 'Intimate parts' means the genital area, groin, anus, inner thighs, buttocks or breasts."

decision in *State* v. *Troynack,* 174 Conn. 89, 96–97, 384 A.2d 326 (1977), stated the rule that a court is to "look only to the information and bill of particulars—as opposed to the evidence presented at trial—to determine what constitutes a lesser included offense of the offense charged." In the present case the trial court evidently adopted the *Mele* approach, rather than the more restrictive examination of the information required by *Brown.*

If the examination of the information, and bill of particulars, if any, revealed that a lesser offense could be included in the offense charged, the court had next to consider whether the evidence would support a conviction of that lesser offense. In *State* v. *Brown,* supra, 61 n.2, the evidence test is phrased as requiring a rational basis for an acquittal on the charge and a conviction on the lesser included offense.

Applied to the present case, the rule would permit a lesser included instruction only if the evidence would support a conclusion that the victim had consented to intercourse but had objected to other sexual contact. The record before this court suggests no rational basis for such a conclusion, confirming that the lesser included instruction was erroneous.

We therefore conclude that the defendant was deprived of a fair trial. *State* v. *Rodriguez,* supra, 399 n.10. It is clear, however, that there can be no review of the judgment of acquittal on the first degree charge even though errors may underlie that judgment. *State* v. *Jacobowitz,* supra, 594. Nor can

there be a new trial on the third degree offense under the present information which does not charge that offense.[6]

There is error, the judgment is set aside, and the case is remanded with direction to render judgment that the defendant is not guilty of sexual assault in the first degree and ordering that he be discharged.

In this opinion the other judges concurred.

---

[6] We note in passing that there is no double jeopardy barrier to the filing of a new information charging sexual assault in the third degree, if filed within the statutory limitation period.

Federal courts have held that when a defendant is tried for a crime which includes both greater and lesser offenses, conviction of the lesser bars retrial on the greater, and vice-versa. *Harris* v. *Oklahoma*, 433 U.S. 682, 97 S. Ct. 2912, 53 L. Ed. 2d 1054 (1977); *Brown* v. *Ohio*, 432 U.S. 161, 168–69, 97 S. Ct. 2221, 53 L. Ed. 2d 187 (1977). However, before a double jeopardy barrier arises, the two offenses must not only arise out of the same act or transaction but must be substantially the same. *State* v. *Goldson*, 178 Conn. 422, 423 A.2d 114 (1979). The following test for the latter requirement was approved by the *Goldson* court as set out in *Blockburger* v. *United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932): "The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."

Applying the *Blockburger* test to this case, it is possible to commit the greater offense as charged without committing the lesser; it is also possible to satisfy the forcible sexual contact requirement for third degree sexual assault without satisfying the penetration requirement for the higher offense. Because the offenses are not substantially the same for double jeopardy purposes, there would be no constitutional impediment to a new trial on sexual assault in the third degree, an offense for which the defendant has never been charged and which was not included in the offense for which he was tried.