STATE OF CONNECTICUT *v.* RONALD J. GRIFFIN
(5216)

DUPONT, C. J., HULL and SPALLONE, Js.

Argued June 3—decision released September 1, 1987

*James J. Ruane,* for the appellant (defendant).

*Michael E. O'Hare,* assistant state's attorney, with whom, on the brief, were *Stephen Sedensky,* assistant state's attorney, *Susann E. Gill,* deputy assistant state's attorney, and *William R. Korey,* legal intern, for the appellee (state).

DUPONT, C. J. The defendant was charged with attempted sexual assault in the third degree, a violation of General Statutes §§ 53a-49 (a) and 53a-72a (a) (1) (A), and with assault in the second degree, a violation of General Statutes § 53a-60.[1] After a trial to a jury, the defendant was convicted of attempted sexual assault in the third degree and of assault in the third degree, in violation of General Statutes § 53a-61.[2] On appeal from the judgment of conviction, he alleges that the trial court erred in the denial of his motion to suppress his out-of-court and in-court identifications, and in charging the jury on assault in the third degree as a lesser included offense of assault in the second degree.

---

[1] General Statutes § 53a-60 provides in pertinent part: "(a) A person is guilty of assault in the second degree when: (1) With intent to cause serious physical injury to another person, he causes such injury to such person or to a third person . . . ."

[2] General Statutes § 53a-61 provides in pertinent part: "(a) A person is guilty of assault in the third degree when: (1) With intent to cause physical injury to another person, he causes such injury to such person or to a third person . . . ."

The defendant argues that the pretrial and in-court identifications made by the victim were obtained as a result of impermissibly suggestive procedures and were unreliable and, therefore, constitutionally invalid. Our review of the record reveals that his claim is unsupported, and that the procedures were neither impermissibly suggestive, nor unreliable. See, e.g., *Manson* v. *Brathwaite,* 432 U.S. 98, 97 S. Ct. 2243, 53 L. Ed. 2d 140 (1977); *Neil* v. *Biggers,* 409 U.S. 188, 93 S. Ct. 375, 34 L. Ed. 2d 401 (1972); *State* v. *McKnight,* 191 Conn. 564, 572, 469 A.2d 397 (1983); *State* v. *Hamele,* 188 Conn. 372, 377, 449 A.2d 1020 (1982); *State* v. *Gordon,* 185 Conn. 402, 416, 441 A.2d 119 (1981), cert. denied, 455 U.S. 989, 102 S. Ct. 1612, 71 L. Ed. 2d 848 (1982); *State* v. *DeJesus,* 7 Conn. App. 309, 315, 508 A.2d 463 (1986).

The second claim of error raised by the defendant is that the trial court erred in charging the jury on assault in the third degree as a lesser included offense of assault in the second degree. The state requested this charge. The defendant, however, did not except to it, and therefore urges review under *State* v. *Evans,* 165 Conn. 61, 327 A.2d 576 (1973). The defendant alleges that he was denied due process of law because he was convicted of a crime without any notice that he was being tried for its commission.

In order to determine whether the defendant's claim is reviewable under the *Evans* doctrine, we must answer two questions in the affirmative. The first is does the defendant raise an issue which by its terms implicates a fundamental constitutional right, and the second is can we conclude, upon a limited review of the record, that the claim is truly of constitutional proportions rather than merely being characterized as such by the defendant. *State* v. *Thurman,* 10 Conn. App. 302, 306–307, 523 A.2d 891 (1987). Here, the defendant has raised a claim which implicates a fundamental

constitutional right; see *State* v. *Martin,* 187 Conn. 216, 218–19, 445 A.2d 585 (1982); but a limited review shows that his claim is not supported by the record, and does not come close to being of constitutional stature.

The defendant does not argue that assault in the third degree is not a lesser included offense of assault in the second degree, and concedes that notice of the principal charge constitutes notice as to all proper lesser included offenses. *State* v. *Jacobowitz,* 182 Conn. 585, 591, 438 A.2d 792 (1981). The defendant argues that because he did not directly dispute at trial the nature and extent of the injuries sustained by the victim, he could not be charged with a crime requiring "physical injury" rather than "serious physical injury."[3] The defendant contends, therefore, that the jury had only to determine whether it was the defendant who had committed the acts alleged, and not whether the victim had suffered the degree of injury necessary to support a conviction of assault in the second degree.

We fail to see how the defendant's decision not to challenge the evidence concerning the victim's injury supports his claim that he was deprived of due process because he did not have notice that he could be found to have inflicted a less severe degree of injury on the victim. The degree of injury sustained, like each and every other element of the crimes charged, had to be

---

[3] The distinction as to the requisite degree of physical injury is demonstrated by comparing the elements of second degree assault; footnote 1, supra; with third degree assault. Footnote 2, supra. The definitions of these distinct degrees of physical injury are included in General Statutes § 53a-3, which provides:

"(3) 'Physical injury' means impairment of physical condition or pain;

"(4) 'Serious physical injury' means physical injury which creates a substantial risk of death, or which causes serious disfigurement, serious impairment of health or serious loss or impairment of the function of any bodily organ . . . ."

The defendant relied on an alibi defense and did not challenge the state's evidence as to the nature and extent of the victim's injuries.

proved by the state beyond a reasonable doubt and was a factual issue for the determination of the jury.

Here, the proof of the element of either physical injury or serious physical injury differentiates the lesser offense from the offense charged and was sufficiently in dispute to permit the jury to find the defendant innocent of the greater offense but guilty of the lesser. See *State* v. *Whistnant,* 179 Conn. 587, 606, 427 A.2d 414 (1980). It matters not that the defendant did not dispute whether the victim suffered physical injury or serious physical injury. The court did not err in charging the jury on assault in the third degree.

There is no error.

In this opinion the other judges concurred.