## STATE OF CONNECTICUT *v.* CRAIG TOCZKO
## (8419)

DUPONT, C. J., SPALLONE and FOTI, Js.

Argued October 1—decision released November 20, 1990

*Brian M. O'Connell,* for the appellant (defendant).

*Susann E. Gill,* assistant state's attorney, with whom, on the brief, were *John Bailey,* state's attorney, and *Herbert E. Carlson, Jr.,* assistant state's attorney, for the appellee (state).

SPALLONE, J. The defendant was convicted, after a jury trial, of the crimes of manslaughter in the first degree with a firearm in violation of General Statutes §§ 53a-55a and 53a-55 (a) (1) and conspiracy to commit manslaughter in the first degree with a firearm in violation of General Statutes §§ 53a-48 (a), 53a-55a and 53a-55 (a) (1). On appeal, the defendant claims that the trial court improperly (1) accepted the jury's conviction of conspiracy to commit manslaughter, (2) instructed the jury regarding intoxication, and (3) denied the defendant's motion for judgment of acquittal that was based upon the sufficiency of the evidence.

The jury could have reasonably found the following facts. On December 27, 1987, at about 3:30 a.m., the defendant, Craig Toczko, a marine on leave for the Christmas holidays, was a passenger in a grey Honda driven by an acquaintance, Gerald Larson. Larson drove the vehicle into the parking lot of the Newbrite Plaza in New Britain and brought it to a halt. In the vehicle were two rifles and a supply of ammunition belonging to Larson. The defendant pointed one of the rifles out of the passenger side window and aimed it toward Mark Barnett, who had just emerged from a nearby Dunkin Donuts. John Desano, who was loading Hartford Courant newspapers into his vehicle in preparation for early morning deliveries, noticed the weapon pointing out of the passenger window aimed towards Barnett and yelled to warn him. The defendant then took careful aim and shot Barnett through the heart. Barnett was later pronounced dead on arrival at New Britain Hospital.

Larson then sped out of the parking lot. Desano jumped into his car and chased after the two men. During the chase, Desano came upon a police cruiser and told the officers that the people in the vehicle he was chasing had just fired a shot. The officers pursued the

vehicle a short distance. When it stopped, they ordered the occupants out of the car.

A search of the vehicle revealed two rifles and a box of .22 caliber ammunition. The bullet extracted from the victim matched those found in the vehicle and further analysis revealed that the bullet removed from the victim had been fired from the Squires Bingham model 16 rifle that was found in the Honda. While the defendant awaited booking at the police station, he mentioned to one of the officers that he was an expert marksman. At trial, the defendant testified as to his abilities as a marksman. The defendant also testified that he had been drinking on the night of the shooting. He stated that he was confused and drunk at the time of the shooting.

Upon the close of evidence, the court instructed the jury on the elements of murder and conspiracy to commit murder as well as the lesser included offenses of manslaughter in the first degree and conspiracy to commit manslaughter in the first degree. The court also instructed the jury as to the operation of General Statutes § 53a-7, which defines intoxication and its relation to the elements of a crime. After deliberation, the jury found the defendant guilty of manslaughter in the first degree with a firearm in violation of General Statutes §§ 53a-55 (a) (1) and 53a-55a, and conspiracy to commit manslaughter in the first degree with a firearm in violation of General Statutes §§ 53a-48 (a), 53a-55 (a) (1) and 53a-55a. From that judgment, the defendant filed the present appeal.

I

The defendant first claims that the trial court improperly accepted the jury's conviction of conspiracy to commit manslaughter. The defendant recognizes that this claim was not raised at trial and requests review under the bypass rule of *State* v. *Golding,* 213 Conn. 233, 567

A.2d 823 (1989), and *State* v. *Evans,* 165 Conn. 61, 70, 327 A.2d 576 (1973). A defendant convicted of an offense of which he was never given notice has been deprived of a fundamental constitutional right and of a fair trial. *State* v. *Martin,* 187 Conn. 216, 445 A.2d 585 (1982). The circumstances of this case warrant review of the claimed error because the defendant has met the four requirements of *State* v. *Golding,* supra.[1] See *State* v. *Martin,* supra.

The state concedes that conspiracy to commit manslaughter, as defined in General Statutes §§ 53a-55 (a) (1) and 53a-55a, is not a legally cognizable crime in the state of Connecticut. Manslaughter in the first degree under General Statutes § 53a-55 (a) (1), which was characterized as involuntary manslaughter; *State* v. *Almeda,* 189 Conn. 303, 308, 455 A.2d 1326 (1983); requires that a person, with the intent to cause serious physical injury, cause the death of another. The result, i.e., the death of the victim, is unintended. For conspiratorial liability to adhere, however, the criminal results of the offense must be the conscious objective of the actor's conduct. *State* v. *Beccia,* 199 Conn. 1, 4, 505 A.2d 683 (1986). The crime of conspiracy to commit manslaughter, as defined in General Statutes §§ 53a-55 (a) (1) and 53a-55a, "requires a logical impossibility, namely, that the actor . . . intend that an unintended death result." *State* v. *Almeda,* supra, 309; see also *State* v. *Beccia,* supra (conspiracy to commit arson is not a legally cognizable crime). Accordingly,

[1] The defendant meets the following four requirements of *Evans* and *Golding:* "(1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." *State* v. *Golding,* supra, 239–40.

it is legally impossible to conspire to commit involuntary manslaughter. *State* v. *Montgomery,* 22 Conn. App. 340, 344, 578 A.2d 130 (1990). Therefore, the trial judge improperly accepted the jury's verdict of guilt on that charge.

The defendant and the state disagree, however, as to the proper disposition of the judgment on conspiracy to commit manslaughter. The state urges this court to render judgment against the defendant on the alleged lesser included offense of conspiracy to commit assault in the second degree under General Statutes §§ 53a-48, 53a-60 (a) (1) and 53a-60a. The state reasons that the jury implicitly found all of the elements for this crime when it found the defendant guilty of conspiracy to commit manslaughter and concludes, therefore, that the crime of conspiracy to commit assault in the second degree is a lesser included offense to the crime of conspiracy to commit manslaughter. The defendant, on the other hand, insists that it is logically irrational to fashion a lesser included offense from an offense that does not exist at law. He further asserts that such an action would be fundamentally unfair and would violate his constitutional rights.

This court cannot conduct a lesser included offense analysis to determine what a jury might have done had it been charged on the alleged lesser included offense because there was no such charge and because the greater offense does not exist at law. We cannot know what elements would be considered relevant by the jury. Under these circumstances, we decline the state's invitation to define a lesser included offense of a nonexistent principal offense.

## II

The defendant next claims that the trial court's supplemental instructions on intoxication were inadequate to apprise the jury that, by presenting evidence of intox-

ication, the defendant incurred no obligation to prove his innocence. He further contends that the instructions could have been construed as requiring the defendant to establish his intoxication rather than placing the burden on the state to establish that the defendant had formed the requisite intent. We disagree.

A charge to the jury is not to be clinically dissected nor are portions of the charge to be read in isolation from the entire instruction. *State* v. *Foreshaw,* 214 Conn. 540, 548, 572 A.2d 1006 (1990). Rather the charge is to be read as a whole with a view towards its probable effect in guiding a jury to a correct verdict. *State* v. *Shannon,* 212 Conn. 387, 408, 563 A.2d 646, 493 U.S. 980, 110 S. Ct. 510, 107 L. Ed. 2d 512 (1989). Where, as here, supplemental instructions are reviewed those must be considered together with the original instructions. *State* v. *Cavros,* 196 Conn. 519, 528, 494 A.2d 550, cert. denied, 474 U.S. 904, 106 S. Ct. 233, 88 L. Ed. 2d 232 (1985). The test to be applied to any part of the charge is whether the charge, when taken as a whole, presents the case to the jury fairly and accurately, such that no injustice will be done. *State* v. *Moss,* 189 Conn. 364, 370, 456 A.2d 274 (1983).

Our review of the entire charge that was given to the jury reveals no reasonable possibility that the jury was misled. In fact, the trial court carefully and repeatedly instructed the jury that the burden of proof on the element of intent rested with the state.[2] Accordingly, we find no merit in the defendant's claim.

---

[2] During the original charge to the jury, the trial court stressed that the entire burden of proving guilt rested with the state. During the first supplemental instruction, the trial court, in explaining the meaning of "intent," stated that "the state must prove specific intent, along with the other elements, beyond a reasonable doubt."

During the second supplemental instruction requested by the jury, explaining intoxication and intent the trial court stated: "First, the defendant does not—I repeat—the defendant does not have to prove he was intoxicated to the degree that it negates intent. As I told you in my initial charge, there

## III

The defendant's final claim is that the trial court improperly denied the defendant's motion for a judgment of acquittal. The defendant claims that the state failed to introduce any evidence to show that he had the intent to cause serious physical injury to the victim, as is required for a conviction of manslaughter in the first degree with a firearm. The defendant concedes that the state introduced evidence that he intended to cause the death of the victim, but asserts that that evidence did not establish that he intended to cause serious physical injury.

When an appeal challenges the sufficiency of the evidence to justify a verdict of guilty, we must construe the evidence introduced at trial in the light most favorable to sustaining the verdict. *State* v. *Carpenter,* 214 Conn. 77, 78, 570 A.2d 203 (1990); *State* v. *John,* 210 Conn. 652, 666, 557 A.2d 93, cert. denied, 493 U.S. 824, 110 S. Ct. 84, 107 L. Ed. 2d 50 (1989). We must determine whether " 'the jury could have reasonably concluded, upon the facts established and the inferences reasonably drawn therefrom, that the cumulative effect of the evidence established guilt beyond a reasonable doubt.' " *State* v. *Stepney,* 191 Conn. 233, 255, 464 A.2d 758 (1983), cert. denied, 465 U.S. 1084, 104 S. Ct. 1455, 79 L. Ed. 2d 722 (1984).

The element of intent involves "a mental process which ordinarily can be proven only by circumstantial evidence." *State* v. *Zdanis,* 182 Conn. 388, 396, 438

---

is no burden on the defendant to prove anything at all. The entire burden of proof . . . rests with the state of Connecticut and that burden is to prove all the elements . . . beyond a reasonable doubt. Again, ladies and gentlemen, I specifically instruct you that the entire burden of proof in this case rests with the State of Connecticut and in a criminal prosecution that burden never shifts."

A.2d 696 (1980), cert. denied, 450 U.S. 1003, 101 S. Ct. 1715, 68 L. Ed. 2d 207 (1981). "The intent of the actor is a question for the trier of fact, and the conclusion drawn by the trier in this regard should stand unless it is an unreasonable one." *State* v. *Holley,* 174 Conn. 22, 26, 381 A.2d 539 (1977). The jury in this case could reasonably have determined that by firing a shot at the victim the defendant intended to cause "physical injury which [created] a substantial risk of death, or which [caused] serious disfigurement, serious impairment of health or serious loss or impairment of the function of any bodily organ." General Statutes § 53a-3 (4).

The judgment of conviction of conspiracy to commit manslaughter in the first degree with a firearm is reversed and the case is remanded with direction to render judgment of not guilty on that charge; the judgment of conviction of manslaughter in the first degree with a firearm is affirmed.

In this opinion the other judges concurred.