STATE OF CONNECTICUT *v.* DANILO DIZON
(10663)

O'CONNELL, LAVERY and HEIMAN, Js.

Argued June 8—decision released August 4, 1992

*M. Fred De Caprio,* public defender, with whom, on the brief, was *Lawrence S. Hopkins,* former public defender, for the appellant (defendant).

*Judith Rossi,* assistant state's attorney, with whom, on the brief, were *John Bailey,* state's attorney, and *Warren Maxwell,* assistant state's attorney, for the appellee (state).

HEIMAN, J. The defendant, Danilo Dizon, appeals from a judgment of conviction, rendered after a jury trial, of robbery in the first degree in violation of Gen-

eral Statutes § 53a-134 (a) (4). He claims that the trial court's jury instructions regarding reasonable doubt constitute reversible error. We affirm the trial court's judgment.

The charges against the defendant arose out of allegations that he robbed a seventy year old woman at gunpoint as she attempted to exit her car, which was parked in her garage. The primary issue at trial was the reliability of the victim's identification of the defendant.

At the conclusion of the trial, the court instructed the jury on the pertinent legal principles, including the definition of reasonable doubt as it applied to the state's burden of proof. The trial court's reasonable doubt instruction was: "Before you can render a verdict of guilty, the state must prove every essential element of the crime charged beyond a reasonable doubt. This phrase, reasonable doubt, has no technical or unusual meaning. You get the real meaning of the phrase if you emphasize the word reasonable. A reasonable doubt is a doubt for which a valid reason can be assigned. It is a doubt that is something more than a guess or a surmise. A reasonable doubt is not such a doubt as is raised by one who questions simply for the sake of argument. It is not a doubt suggested by the ingenuity of counsel which is not warranted by the evidence. A reasonable doubt is a real doubt, an honest doubt, a doubt which has its foundation in the evidence offered here in this case, or in the absence of evidence. A reasonable doubt is not hesitation springing from feelings of sympathy or pity for an accused. A reasonable doubt is one for which you can in your own mind consciously give a reason. If the facts you may find proven, or the evidence that you deem credible are consistent with and may be explained by any reasonable hypothesis, not a possible hypothesis, then the accused must be given the

benefit of the doubt and acquitted. A mere possible hypothesis of innocence will not suffice.

"Now, I have stated to you that the state must prove its case beyond a reasonable doubt. Now this does not mean that the state must prove guilt with absolute certainty. It is almost impossible to make out a case of absolute certainty. The state is required only to prove a case beyond a reasonable doubt. Now, a doubt to prevent you from finding a person guilty if the proof shows guilt is not to be a whimsical or captious doubt, but a substantial doubt, and, again, it must rest upon some element of weakness in the proof that gives you, as reasonable men and women, a reason for doubting guilt. In other words, if there should be any evidence in the case that has created a reasonable doubt in your minds of the guilt of the accused, then the case is not made out beyond a reasonable doubt. But if there is no reasonable ground for doubting guilt, then it is made out beyond a reasonable doubt. A reasonable doubt which would justify an acquittal is not an imaginary doubt, but is a doubt raised upon reason and common sense. If any individual juror is not convinced of the defendant's guilt beyond a reasonable doubt, he or she cannot convict."

After the trial court finished instructing the jury, it asked counsel whether they had any exceptions to the jury instructions. After hearing the defendant's exception to a portion of the instructions not relating to the concept of reasonable doubt, the following colloquy occurred:

"The Court: Are there any other exceptions?

"[Defendant's Attorney]: No, Your Honor.

"[State's Attorney]: None. Matter of fact, I thought the charge on reasonable doubt was super.

"[Defendant's Attorney]: I agree."

On appeal, the defendant seizes on a single phrase in the trial court's exhaustive exegesis of the term reasonable doubt: "[A reasonable doubt is] not . . . a whimsical or captious doubt, but a substantial doubt." Relying heavily on the United States Supreme Court decision in *Cage* v. *Louisiana*, 498 U.S. 39, 111 S. Ct. 328, 112 L. Ed. 2d 339 (1990) (per curiam), he argues that the trial court's sole characterization of a reasonable doubt as a substantial doubt constitutes reversible error.

The defendant concedes that his challenge to the trial court's jury instructions was not preserved for appellate review, and seeks review under *State* v. *Golding*, 213 Conn. 233, 567 A.2d 823 (1989). In *State* v. *Golding*, supra, 239–40, our Supreme Court reformulated the standard of appellate review of unpreserved claims: "[W]e hold that a defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Emphasis in original.) We conclude that because the defendant cannot satisfy the third prong of *Golding*, that an alleged constitutional violation clearly exists and clearly deprived him of a fair trial, he cannot prevail on his claim.

We begin our analysis with the axiom that we do not clinically dissect a jury charge, but read the charge as a whole to determine whether there exists a reasonable possibility that the jury was misled. *State* v. *Fernandez*, 27 Conn. App. 73, 84–87, 604 A.2d 1308, cert.

denied, 222 Conn. 904, 606 A.2d 1330 (1992); *State* v. *Toczko,* 23 Conn. App. 502, 507, 582 A.2d 769 (1990).

In *Cage* v. *Louisiana,* supra, the Supreme Court of the United States reversed the petitioner's murder conviction, concluding that the trial court's jury instructions on the definition of reasonable doubt impermissibly diluted the state's burden of proof. In ruling that the trial court's jury instructions were constitutionally defective, the Supreme Court focused on the trial court's descriptions of reasonable doubt as "such doubt as would give rise to a grave uncertainty," "an actual substantial doubt" and "a moral certainty." Id., 329. "It is plain to us," the Supreme Court declared, "that the words 'substantial' and 'grave,' as they are commonly understood, suggest a higher degree of doubt than is required for acquittal under the reasonable doubt standard. When those statements are then considered with the reference to 'moral certainty,' rather than evidentiary certainty, it becomes clear that a reasonable juror could have interpreted the instruction to allow a finding of guilt based on a degree of proof below that required by the Due Process Clause." Id., 329–30.

Thus, the Supreme Court in *Cage* v. *Louisiana,* supra, focused not merely on the trial court's characterization of a reasonable doubt as a substantial doubt but on the cumulative effect of three offending terms that hopelessly polluted the trial court's reasonable doubt instructions. This point was underscored recently by Justice Stevens, respecting the denial of the petition for a writ of certiorari in *Gaskins* v. *McKellar,*      U.S.    , 111 S. Ct. 2277, 114 L. Ed. 2d 728 (1991). Although the Supreme Court's denial of certiorari has no precedential value, Justice Stevens' short written opinion highlights what a careful reading of *Cage* v. *Louisiana,* supra, itself makes clear—that a question under *Cage* v. *Louisiana,* supra, presents itself only if a trial court employs instructions that contain the same flaws as did

the instructions in *Cage* v. *Louisiana,* supra, particularly the "grave uncertainty" language.

Such is not the case here. The defendant in this case spotlights a sole misstatement—the reference to a reasonable doubt as a substantial doubt—in the trial court's lengthy and otherwise unexcepted to explanation of reasonable doubt. See *State* v. *Fernandez,* supra, 86–88. Because he cannot show that a constitutional violation clearly exists and clearly deprived him of a fair trial, we will not review his claim further. See *State* v. *Negron,* 221 Conn. 315, 326, 603 A.2d 1138 (1992); *State* v. *Golding,* supra.

The judgment is affirmed.

In this opinion the other judges concurred.